## Case No. 3,593.

### The DAVID & CAROLINE.

[5 Blatchf. 266.][1]

Circuit Court, S. D. New York. Oct. Term, 1865.

SHIPPING—BREAKAGE—NEGLIGENT STOWAGE—EXCEPTIONS IN BILL OF LADING.

1. Where a carrier receives fire-clay retorts cased in straw, and not in a proper condition to be shipped with safety for any considerable voyage, he is bound to stow them with reference to their condition, if he chooses to receive them.

2. A memorandum at the foot of a bill of lading, "Not accountable for breakage," cannot excuse negligence and want of skill in stowage, whereby breakage occurs during the voyage.

[Cited in The Delhi, Case No. 3,770; Vaughan v. Six Hundred and Thirty Casks Sherry Wine, 1d. 16,900.]

[Appeal from the district court of the United States for the southern district of New York.]

This was a libel in rem, filed in the district court, to recover damages for injury to a cargo of fire-clay retorts shipped from Antwerp to New York by the brig David & Caroline. The district court dismissed the libel, and the libellants appealed to this court.

Charles Edwards, for libellants.

Joseph H. Dukes, for claimant.

NELSON, Circuit Justice. The retorts in question are hollow ware, some 2¼ inches wide, a half circle, and flat at the bottom; external measure, from 28 to 36 inches; height, 20 inches; hollow part, 20 by 12 inches, and from 8 to 9 feet long; weighing from 1,500 to 1,800 pounds each; thickness of the ware, from 2½ to 3 inches.

It is insisted on the part of the libellants, that the damage, which was occasioned by the breaking of the retorts, is attributable to unskillful stowage, which is denied by the claimant. Some of the retorts were cased in wood, some in straps, and others in straw. This, it appears, is the usual way in which these articles are shipped. Most of the retorts broken were cased in straw, and were stowed across and resting upon two transverse beams in the hold of the vessel, the ends projecting over the beams some two feet. They were piled up, three or four tiers, one above the other, on the beams, without any support at the ends or middle, and, as is claimed, were broken by the weight. The preponderance of the proof is,

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

that this was bad stowage, and occasioned the damage complained of. Indeed, the evidence is nearly all one way on this point. But, it is insisted by the claimant, that the retorts cased in straw were not in a proper state or condition to be shipped with safety for any considerable voyage; and that, if they had been cased in wood or strips, the damage, even stowed as they were, would not have occurred. But there are two answers to this objection—first, the carrier should not have received them in this condition, or, if he chose to do so, he should have seen to it that they were stowed with reference to the imperfect state of the covering—and, second, the proofs show that this is not an uncommon or unusual condition in which these articles are shipped.

It is further insisted, that the vessel encountered a severe storm in the course of her voyage, in which she was thrown upon her beam ends, and that the damage was occasioned by a peril of the sea. This would, doubtless, have been a good answer to the allegations of damage, were it not for the proofs of unskillful stowage. That sufficiently accounts for the breakage of the retorts, from the weight of the incumbent tiers, without proper dunnage, upon the transverse beams of the vessel.

It is, also, urged, that a memorandum at the foot of the bill of lading, as follows, "ship not accountable for leakage, breakage, and rust," exempts the carrier from responsibility. But, the answer is, that this cannot excuse negligence and want of skill in the stowage of the retorts.

I think that the court below erred, and that the decree must be reversed, and a decree be entered for the libellants, to recover their damages.