# Greek-American Produce Co.
# *v.* Illinois Central R. R. Co.

*Damage for Delay in Delivering Goods.*

(Decided May 9, 1912. 58 South 994.)

1. *Carriers; Freight; Delivery; Notice.*—Under section 5604, Code 1907, one to whom freight was consigned was entitled to notice of arrival though in fact only the agent of the real owner.

2. *Same.*—Where the delivery of an interstate shipment was made in Alabama, the shipment was governed by the laws of Alabama as to the matter of delivery and sufficiency of notice for delivery.

3. *Same.*—Section 5604, Code 1907, is neither unconstitutional nor unreasonable.

[Greek-American Produce Co. v. Illinois Central R. R. Co.]

4. *Same*—A carrier is liable for breach of its contract to give notice of the arrival of goods to the consignee under section 5604, Code of 1907, to the extent of any damages which naturally and proximately resulted therefrom.

5. *Same; Track Delivery.*—The use of the expression "track delivery" in section 5604, Code 1907, means tracks maintained by the railroad company at an accessible place for unloading for the purpose of delivering freight in carload lots.

6. *Same; Termination of Liability.*—In the absence of statutes, a railroad's liability as a carrier of freight terminates after a reasonable time for the removal of the freight by the consignee after its arrival at destination.

7. *Contract; Statutes; Construction.*—Where a statute prescribes a duty, the performance of which is involved in the contract, the statute becomes a part of the contract.

8. *Principal and Agent; Party in Interest.*—A principal is the real party in interest and entitled to sue a railroad company for breach of a contract to give notice of the arrival of the goods to his agent to whom they were consigned.

9. *Statute; Construction; General Terms.*—General terms in a statute should be so limited in their application as not to lead to injustice, oppression or absurd consequences.

10. *Same; Penal Statute.*—Penal statutes are strictly construed, and one suing for a penalty for a violation of such statute must bring himself clearly within its letter.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by the Greek-American Produce Company against the Illinois Central Railroad Company, for damages for delay in delivering goods. Judgment for defendant and plaintiff appeals. Reversed and remanded.

SAMUEL B. STERN, and JAMES A. MITCHELL, for appellant. The liability as carrier continued because the carrier failed to comply with the requirements of Sections 5604-5 and 5626, Code 1907, and hence, the court was in error in giving the charge complained of.—*Collins v. A. G. S.*, 16 South. 140, and cases there cited; *L. & N. v. Oden*, 80 Ala. 38. The court erred in refusing the charge requested by defendant.

PERCY, BENNERS & BURR, for appellee. No one but the shipper or consignee had any rights growing up out of a violation of the statute of notice.—*R. R. Co. v. Wood,* 66 Ala. 167; *Webber v. Chicago R. R. Co.,* 77 Pac. 533. The statutes are penal and must be strictly constured.—*Scott v. The State,* 152 Ala. 63. It follows that the court did not err in the charges given and refused.

DE GRAFFENRIED, J.—The appellant brought this suit against appellee to recover damages because of an alleged delay by the appellee in delivering to the appellant a car load of grapes, which were shipped from Werby, Mich., to T. O. Milton, at Birmingham, Ala. Milton was the agent of appellant, and the car load of grapes belonged to appellant, and were ordered by Milton for appellant; but these facts were not known to appellee. Milton's business office adjoined that of appellant in the same building; and during the period covered by this controversy Milton was in Birmingham and at his usual place of business. The situation of the parties was such that it is plainly inferable that, if notice of the arrival of the grapes in Birmingham had been given Milton, the appellant would at once have been informed of that fact.

Under the terms of section 5604 of the Code of 1907, railroad companies are required to give notice, *by mail or otherwise,* to the *consignee* of the arrival of shipments, together with the weight and freight charges thereon. In the instant case *Milton* was the *consignee* named in bill of lading, and he was the party to whom this section cast the duty upon the appellee of giving the required notice. While the grapes were shipped from Michigan to Alabama, and the shipment was therefore an interstate shipment, the delivery was to be made in Alabama; and, in so far as the mere subject of *delivery*

is concerned, the shipment was governed by the laws of Alabama.—*So. Ex. Co. v. Gibbs,* 155 Ala. 303, 46 South. 465.

When a statute prescribes a duty, and a contract is· made involving the performance of that duty, such statute becomes a part of the contract. This proposition is well recognized and needs no citation of authority to sustain it.   As the above statute provides that the notice required to be given the *consignee* may be given by *mail or otherwise,* and allows the agents of the railroad company 24 hours within which to mail, or by other methods give, the required notice after the arrival of the freight, we can see nothing unreasonable in that part of the statute, and can find no ground upon which *as to the requirements as to notice,* it can be held to be in conflict with any of our constitutional provisions.— *Central of Ga. Ry. Co. v. Groesbeck & Armstrong,* 174 Ala., 57 South. 380.

The appellee was therefore, by virtue of its *contract* of affreightment, made in Michigan, but to be performed in Alabama, under the duty of notifying the consignee of the arrival of the grapes in Birmingham within 24 hours after their arrival, and failing to do so, was liable, for a *breach* of its *contract,* to the appellant for any damages resulting from such breach and flowing therefrom as the natural and proximate result, in the usual course of things, of such breach  of the contract.   As the appellant was the real party to the contract, Milton being a mere agent of appellant, the appellant was entitled to sue, in its own name, for the damages resulting from the breach of the contract.— *Manker v. Western Union Telegraph Co.,* 137 Ala. 292, 34 South. 839.

We are unable to subscribe to the doctrine announced by the trial court in some of the written charges given

by it to the jury, at the written request of appellee, that the appellee had a right to deliver the grapes by placing the car at a point on its tracks in Birmingham at an accessible place for unloading by the consignee. Section 5605 of the Code settles this question conclusively. This section provides that railroad companies *shall* deliver freight at their *freight* or *warehouses*, or, in case of shipment for *track* delivery, shall place loaded cars at an accessible place for unloading within 24 hours after arrival, computing from 7 o'clock A. M. of the day following the arrival of such freight. By the words "track delivery" are meant tracks operated and maintained by railroad companies at an accessible place for unloading cars, for the *purpose* of delivering freight in car load lots. Any other construction of the statute would lead to the most absurd consequences, defeat the obvious purposes of the Legislature in calling it into existence, and place in the hands of railroad companies a dangerous weapon, which no enlightened State would permit them to possess. "All laws should receive a sensible construction. *General terms* should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It is always to be presumed that the Legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter. The common sense of man approves the judgment mentionel by Puffendorf, that the Bolognian law, which enacted 'that whoever drew blood in the streets should be punished with the utmost severity,' did not extend to the surgeon, who opened the vein of a person that fell down in the street in a fit."—*United States v. Kirby*, 7 Wall. 482, 19 L. Ed. 278.

It is a matter of common knowledge that railroad companies maintain in cities of the size of Birmingham

what are known as "yards," convenient to their freight depots, and that in such yards they also maintain what are known as "team tracks." Such team tracks are maintained for the purpose of placing loaded cars thereon as convenient places for delivering freight in car load lots, and placing empty cars thereon for the purpose of having them loaded. In smaller cities, and in towns and villages, the only tracks provided for the above purposes are usually what are known as side tracks, placed at or near the depots; and the words "track delivery," as used in the above statute, refer to such team or side tracks, and to no others.

3. Penal statutes must be strictly construed. They are enacted, not for the purpose of reimbursing a party injured for loss sustained, but for the purpose of *punishing* the party who violates them. When, therefore, a party sues to recover a sum as a penalty imposed for a violation of the terms of a statute, such party must bring himself "within the letter of the statute, for such statutes are construed strictly."—*Grooms v. Hannon,* 59 Ala. 510; *Jarrett v. McCabe,* 75 Ala. 325; *Scott v. Field,* 75 Ala. 419; *So. B. & L. Ass'n. v. McCants,* 120 Ala. 616, 25 South. 8. The appellant, under the undisputed facts in this case, is not brought within the letter of the statute providing the penalty claimed in the complaint, and is not entitled to recover such penalty.

4. A delivery of freight in car load lots is, certainly since the passage of the statutes above considered, not accomplished by a railroad company until it has placed the car on the track, as above defined, and given the notice to the consignee, as required by the statutes. But for the statutes in regard to notice, the liability of a railroad company as a common carrier would terminate after a reasonable time had elapsed for the removal of the freight by the consignee after its arrival at its des-

tination. Prior to the adoption of the statutes, the quesion as to *what* was a *reasonable time* for such removal was frequently before the Supreme Court; and the decisions of the Supreme Court in regard to the question were determined by the facts of each particular case. In order that the respective duties of the railroad companies and of the consignee or persons owning the shipments in regard to such matters might be made plain, the provisions of article 12 of chapter 129 of the Code (Code, pp. 1288-1296) were prescribed as wise and salutary rules and regulations covering the entire subject. With these provisions the appellee, as we have already pointed out, did not comply.— *W. of Ala. Ry. Co. v. Hart,* 160 Ala. 599, 49 South. 371.

5. It seems apparent, from what we have above said, that the appellee breached its contract of affreightment when it failed, as required by the law of the State, to give to Milton, the appellant's agent, notice of the arrival of the grapes; and the appellant, for whose benefit the contract was made, and who was the owner, in fact, of the grapes, is, as above stated, entitled to recover in this action the damages naturally and proximately resulting from such breach of the contract.

The rulings of the trial court were inconsistent, in many particulars, with the views above expressed, and the judgment in this case is reversed, and the cause remanded for further proceedings in the court below in accordance with the views above expressed.

Reversed and remanded.