(80 South. 627)

**ATLANTIC COAST LINE R. CO. v. DOTHAN INS. AGENCY.    (4 Div. 558.)**

(Court of Appeals of Alabama.    Dec. 17, 1918.)

1. CARRIERS ⬯120—SHIPMENT OF GOODS—DESTRUCTION OF VALUE—INHERENT DEFECTS OF GOODS SHIPPED.

The condition of corn which would have destroyed its value, which will excuse the defendant carrier, is some internal and latent defect at the time of making contract of shipment, of which defendant did not know, and from which loss or damage ensues to the goods in the ordinary course of handling and transportation.

2. CARRIERS ⬯120 — FREIGHT — DAMAGED GOODS.

While a carrier may properly refuse to receive goods which are in such condition as to be liable to become damaged while in transit, if it does receive them, it is bound to handle them with reference to that condition, and is liable for failure to do so.

3. CARRIERS ⬯120—SHIPMENT OF GOODS—LIABILITY—DAMAGED GOODS—DELIVERY TO CONSIGNEE.

Where defendant carrier received a car of corn with knowledge that it was damaged, and loaded in such a way as to be liable for further damage by spontaneous combustion, it was under duty to handle it with reference to that condition, and was not relieved of the duty under the contract to deliver it at the point of destination named in the shipper's contract by the fact it was further damaged.

4. CARRIERS ⬯120 — SHIPMENT — PRESERVATION OF GOODS—DUTY.

While a defendant carrier was under the duty to deliver a shipment of damaged corn, it was not an insurer that the corn would reach its destination in the same condition as when shipped.

5. CARRIERS ⬯120 — TRANSPORTATION OF DAMAGED GOODS—DELAY IN TRANSIT—LIABILITY.

A carrier receiving damaged corn for transportation, must deliver it at destination without unreasonable delay in transit, so that the natural deterioration will be minimized; and hence it was competent to prove how long the corn was delayed at the point where it should have been turned over to the connecting carrier.

6. CARRIERS ⬯136—SHIPMENT OF DAMAGED CORN—JURY QUESTION.

In an action against a carrier for loss to shipment of damaged corn, caused by delay in transit, defendant's requested affirmative charge held properly refused, where the evidence did not show without conflict that the corn was ever without value.

7. CARRIERS ⬯135—NONDELIVERY OF GOODS—DAMAGES—MEASURE—EVIDENCE.

The measure of damages for nondelivery of goods by common carrier is the value of the goods at the time and place of delivery, and there must be evidence of such value.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Action by the Dothan Insurance Agency against the Atlantic Coast Line Railroad Company for damages for failure to deliver a carload of damaged corn. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

John R. Tyson, of Montgomery, for appellant.

Lee & Tompkins, of Dothan, for appellee.

SAMFORD, J. The defendant carrier contracted with the plaintiff to transport a carload of damaged corn from Dothan, Ala., a point on its line, to Myrtle, Ga., a point on the line of a connecting carrier. The contract was evidenced by a standard bill of lading, stipulating the tonnage, point of destination, and consigned to plaintiff, order, "Notify Bud Evans." There was no requirement for payment of freight in advance. The bill of lading stated that the corn was damaged. The corn had been damaged by fire and water while stored in a building that was burned. The car was carried promptly by the defendant to the point where it was to be turned over to the connecting carrier. There the corn had become so heated by

spontaneous heat that it was smoking, and defendant had other water put on it, and the connecting carrier refused to accept the car unless the freight was prepaid from that point to the point of destination. This the defendant refused to do, but notified the shipper of the connecting carrier's demands, and called on the shipper for payment in advance, which the shipper refused to pay. The corn was never delivered at the point of destination.

[1] The defendant as a special defense filed pleas 2, 3, and 4, which were demurred to, and the demurrers were sustained. These special pleas alleged that the corn was damaged, and that while in transportation the corn became heated to such an extent as to render it practically of no value, and that for this reason the connecting carrier would not accept the car without a prepayment of the freight. The condition of the corn, which would have produced the destruction of its value, which will excuse the defendant, is some internal and latent defect at the time of the making of the contract of shipment, of which the defendant did not know, and from which loss or damage ensues to the goods in the ordinary course of handling and transportation. 4 R. C. L. § 203, p. 732; A. C. L. v. Rice, 169 Ala. 265, 52 South. 918, 29 L. R. A. (N. S.) 1214, Ann. Cas. 1912B, 389; Nelson v. Woodruff, 1 Black, 156, 17 L. Ed. 97. These pleas did not allege a lack of knowledge on the part of the defendant of the condition of the corn at the time of shipment, and for that reason were demurrable.

[2-5] While a carrier may properly refuse to receive goods which are in such condition as to be liable to become damaged while in transit (4 R. C. L. p. 665), if it does receive them it is bound to handle them with reference to that condition, and is liable for a failure to do so (Truax v. Philadelphia W. & B. R. Co., 3 Houst. [Del.] 233; David v. Caroline, 5 Blatchf. 266, Fed. Cas. No. 3,593); that is, the defendant, having received the car of corn with a knowledge that it was damaged, and loaded in such way as to be liable to further damage by spontaneous combustion, was under the duty to handle it with reference to that condition, and to deliver it to the consignee at the point of destination, and the fact that the corn was further damaged while in transit, through no fault of defendant, did not relieve the defendant of the duty, under the contract, to deliver it at the point of destination named in the contract of shipment. 4 R. C. L. 671; Chi., St. L. & P. R. Co. v. Wolcott, 141 Ind. 267, 39 N. E. 451, 50 Am. St. Rep. 320. But, while the defendant was under the duty to deliver, its duty in respect to the preservation of the property is not of so high a nature, and consequently it was not in all respects an insurer that the corn would reach its destination in the same condition as it was when shipped. S. & N. Ala. R. R. v. Henlein & Barr, 52 Ala. 606, 23 Am. Rep. 578; Ill. Central R. R. Co. v. McClellan, 54 Ill. 58, 5 Am. Rep. 83; Rixford v. Smith, 52 N. H. 355, 13 Am. Rep. 42. The defendant was under a duty to the plaintiff to transport the corn to its destination without unreasonable delay in transit, so that the natural deterioration would be minimized, and hence it was competent to prove how long the car was delayed at the point where it should have been turned over to the connecting carrier.

[6] The affirmative charge, as requested by the defendant, was properly refused. The evidence was to the effect that the title to the corn was in the plaintiff, the facts as alleged in plea A were in conflict, and while it was in evidence that the corn had deteriorated during transportation, even if it be admitted that such deterioration was without fault on the part of defendant, the evidence does not, without conflict, show that the corn was ever without value.

[7] The measure of damages for the nondelivery of goods by a common carrier is the value of the goods at the time and place of delivery. 4 R. C. L. 929, and authorities there cited; Capehart et al. v. Granite Mills, 97 Ala. 353, 12 South. 44; L. & N. R. R. Co. v. Dickson, 73 South. 750.[1] We find no evidence in this record of the market value of the corn at Myrtle, Ga., the point of delivery; and hence the rulings of the court on this point are error, and the judgment must be reversed, and the cause remanded.

Reversed and remanded.