(85 South. 578)

LOUISVILLE & N. R. CO. v. FARMERS' PRODUCE CO.    (6 Div. 568.)

(Court of Appeals of Alabama. Nov. 18, 1919. Rehearing Denied April 6, 1920.)

1. CARRIERS ⊚⇒131—COMPLAINT IN ACTION FOR INJURY TO SHIPMENT HELD SUFFICIENT.

A count of a complaint against a carrier for injury to a shipment of potatoes which conformed to Code 1907, § 5382, form 15, is sufficient, although not negativing the fact that the injury was a latent defect in the shipment; for if the injury so arose that was a matter of defense for the carrier.

2. ACTION ⊚⇒38(3) — COMPLAINT SEEKING DAMAGES FOR INJURY TO SHIPMENT AND PENALTY IS DOUBLE.

A count of a complaint seeking damages for injury to a shipment as well as the penalty prescribed by Code 1907, § 5517, for failure to pay damages within 60 days after demand, states two distinct causes of action, and is open to demurrer on that ground.

3. CARRIERS ⊚⇒20(1) — COMPLAINT SEEKING PENALTY FOR FAILURE TO PAY DAMAGE WITHIN TIME MUST SHOW STATEMENT OF LOSS.

A count of a complaint against carrier seeking the penalty prescribed by Code 1907, § 5517, for failure to pay damages within 60 days after demand, must show that the shipper, consignee, or other person entitled made out an itemized verified statement of the property injured in accordance with section 5515 within 60 days after the loss.

4. APPEAL AND ERROR ⊚⇒655(2)—BILL OF EXCEPTIONS CONTAINING REDUNDANT MATTER WILL BE STRICKEN.

A bill of exceptions not prepared in accordance with circuit court rule 32 (Code 1907, p. 1526), which contained much duplication and testimony in the form of questions and answers, etc., will be stricken.

5. CARRIERS ⊚⇒120—CARRIER ACCEPTING A PERISHABLE SHIPMENT MUST TAKE REASONABLE CARE.

While the duty of a common carrier in respect to preservation of shipment from deterioration is not so high as its obligation to deliver, and the carrier is exempt from loss resulting from natural deterioration, yet where a carrier accepts perishable shipment, as potatoes, it is liable, where it placed them in a hot unventilated house, and natural decay was hastened.

6. CARRIERS ⊚⇒97, 106—PERISHABLE GOODS MUST BE TRANSPORTED WITHOUT UNNECESSARY DELAY—WHAT IS UNREASONABLE DELAY FOR JURY.

Where a carrier accepts a perishable shipment, as potatoes, it must use reasonable care to transport them without unnecessary delay, in view of the season of the year and condition of the weather, so as to prevent deterioration, and what is unreasonable delay is a question for the jury.

Appeal from Circuit Court, Jefferson County; Charles W. Ferguson, Judge.

Action by the Farmers' Produce Company against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

The complaint is as follows:

Count 1. The plaintiff claims of the defendant $372.52, damages for the injury of certain goods, the plaintiff's property, viz. 94 sacks of Irish potatoes, received by defendant as a common carrier, to be delivered by defendant to Bell Rogers Produce Company at Birmingham, Ala., for a reward; and plaintiff says that said injury was received by said Irish potatoes while in the possession of defendant as such common carrier, and during the transit.

Count 2. The plaintiff claims of the defendant the other and further sum of $465.65, damages for the injury of certain goods, the plaintiff's property, viz. 94 sacks of Irish potatoes, received by defendant as common carrier, to be delivered by defendant to Bell Rogers Produce Company at Birmingham, Ala., for reward. Plaintiff says that said injury was received by said potatoes while in the possession of defendant as such common carrier and during the transit; that on, to wit, the 15th day of July, 1917, and within 60 days after the shipment of said potatoes, plaintiff presented to defendant an itemized and verified claim or demand for

the aforesaid damage in the sum of $372.52; that said sum of $372.52 is not more than the amount of such injury; and the defendant has failed to pay the same within 60 days after the presentation of said demand. Wherefore plaintiff claims the damages and penalty allowed by law.

Action by plaintiff claiming damage against the defendant as a common carrier by reason of its neglect in the transportation of freight and for the penalty as provided. in section 5517 of the Code of 1907. From a judgment awarding both the damages and the penalty, defendant appeals.

Tillman, Bradley & Morrow and John S. Stone, all of Birmingham, for appellant.

A consignee cannot refuse freight tendered or delivered by the carrier, although it is then in a damaged condition as a result of some fault of the carrier. 143 Ala. 272, 39 South. 132; 126 Ky. 179, 103 S. W. 254, 12 L. R. A. (N. S.) 431; 83 Kan. 333, 111 Pac. 431, 30 L. R. A. (N. S.) 1071. Section 5517 is unconstitutional. 165 U. S. 150, 17 Sup. Ct. 255, 41 L. Ed. 666. The claimant cannot recover the statutory penalty for failure to pay claim within a specified time, where the amount claimed is in excess of the damages. 224 U. S. 354, 32 Sup. Ct. 493, 56 L. Ed. 799, 42 L. R. A. (N. S.) 102; (C. C.) 100 Fed. 192; sections 5515–5517.

Frank E. Spain, of Birmingham, for appellee.

The complaint need not set out the evidential facts. 127 Ala. 127, 28 South. 554; sections 4594, 5515–5517, Code 1907. Count 1 was sufficient. 113 Ala. 165, 20 South. 986; 160 Ala. 599, 49 South. 371; 10 Corp. Juris, 93.

SAMFORD, J. [1] Count 1 of the complaint conforms substantially to the form of complaint prescribed by the Code for an action against a common carrier for injury to goods intrusted to it for transportation (Code 1907, § 5382, form 15); and by mandate of the statute must be deemed sufficient. Louisville & N. R. Co. v. Allgood, 113 Ala. 163, 20 South. 986. It was not incumbent on plaintiff by allegation to negative the fact of a latent defect in the goods shipped. If the injury to the potatoes was the result of some inherent quality in them, causing the injury, through no fault on the part of the defendant, that fact was available to defendant by way of defense. Atlantic Coast Line R. Co. v. Dothan Insurance Agency, 16 Ala. App. 623, 80 South. 627.

[2] The second count of the complaint claims damages for the injury to the potatoes, and also claims a statutory penalty as provided by section 5517 of the Code of 1907. Conceding that the allegations of the complaint are sufficient to state the claim, it is perfectly clear that the count set up two separate and distinct causes of action based upon entirely different breaches of duty. First. Failing to handle the potatoes with due diligence and to the failure to pay the damage within 60 days upon proper presentation of the claim. The demurrer to this count should have been sustained. Sloss-Sheffield S. & I. Co. v. Mitchell, 167 Ala. 226–231, 52 South. 69.

[3] We are further of the opinion that this count is subject to the additional ground of demurrer, in that it does not appear that the shipper, consignee, or other person entitled to demand and receive the goods made out an itemized statement of the property injured, setting forth the kind of articles, the number thereof, and the extent of damages, swore to the same, and delivered same to defendant within 60 days after loss, as is provided in section 5515 of the Code of 1907. When suit is brought to recover a sum as a penalty imposed by statute, the plaintiff by his complaint must bring himself within the letter of the statute. All such statutes are strictly construed. Greek-American Produce Co. v. Illinois Cent. R. Co., 4 Ala. App. 377–382, 58 South. 994. The plaintiff by count 2 does not do this, and for this further reason the count is demurrable.

[4] The bill of exceptions in this case contains many more repetitions of what had already been stated. Entire pages are duplicated. It contains page after page of copies of papers having no apparent connection with the case. In addition to this, long lists of interrogatories propounded to the adverse party, followed in succeeding pages with categorical answers, many of which are entirely immaterial, are set out in hæc verba, making it necessary for the court to wade through a mass of immaterial matter in an effort to understand the merits of the case sought to be presented. The court will not do this. The bill of exceptions was not prepared in accordance with and in conformity to circuit court rule 32 (Code 1907, p. 1526). For this reason the bill of exceptions is disallowed, and is held to be no part of the record.

For this reason the other questions involving rules on evidence and written charges requested are not passed upon specifically.

[5] However, while the record in this case is such that the court will not specifically pass upon the assignments of error dependent on the bill of exceptions, in view of the fact that the cause is remanded for another trial we deem it not inappropriate to say: The duty of a common carrier in respect to the preservation of property, committed to it for shipment, from deterioration, is not of so high a character as its obligation to deliver, and consequently they are not in all respects insurers that the shipment will

reach its destination in the same condition as when it was shipped. When the shipment is of such commodities as 'fruit or vegetables, the carrier is not liable for loss or damage arising from their nature and inherent character, as where they succumb to the forces of natural decay. From such loss the carrier is exempt from liability, the same as if it were an "act of God" or "the public enemy." But, when the processes of decay may be retarded or hastened by the act of the carrier, he is bound to take reasonable care of the goods, so that as little loss as possible shall result from' their infirmities. "If, therefore, he omits to observe due care and diligence for the preservation of the property intrusted to his care, that is, the care which prudent men would ordinarily take of their own property, and loss ensues, then the common carrier must be held liable." 4 R. C. L. p. 729, § 201; Atlantic Coast Line Ry. Co. v. Dothan Ins. Agency, 16 Ala. App. 623, 80 South. 627. If the carrier accepts for shipment a lot of green Irish potatoes during hot weather, when to shut them up in a hot freighthouse without ventilation would cause them to hasten the decay natural to such product, and it did so shut them up, and injury was thereby occasioned, the carrier would be liable. 4 R. C. L. 729, § 201.

[6] So, also, the carrier having accepted the bailment, it became its duty to transport the potatoes to their destination in suitable cars to prevent as far as possible natural deterioration, and without unreasonable delay, taking into consideration the character of the vegetables, the season of the year, and the condition of the weather, and as to what is an unreasonable delay is a question for the jury on the facts. Ballentine v. N. Mo. Ry. Co., 40 Mo. 491, 93 Am. Dec. 315.

For the errors pointed out in the foregoing opinion, the judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.