(86 South. 162)

DUMAS v. STATE.    (7 Div. 618.)

(Court of Appeals of Alabama.    June 8, 1920.)

1. LICENSES ☞12—STATUTE AS TO LICENSE OF "COTTON MILL OR COTTON FACTORY" HELD NOT APPLICABLE TO HOSIERY MILL.

Acts 1915, p. 499, § 1, subd. 36, imposing license tax on operator of "cotton mill or cotton factory," held not applicable, in view of Code 1907, § 2361, subd. 27b, and Act Sept. 15, 1919 (Acts 1919, p. 408), to hosiery mill, in which cotton yarn, and not the raw cotton itself, was used to make the hosiery; the cotton mill or cotton factory being a mill which manufactures cotton from the raw state into a finished product, and not a mill which does not use the cotton itself.

2. STATUTES ☞205—PHRASES OF DOUBTFUL MEANING INTERPRETED IN ACCORDANCE WITH SUBSEQUENT PROVISIONS.

If, in a subsequent clause of the same act, provisions are introduced which show the sense in which the Legislature employed the doubtful phrases previously used, that sense is to be adopted in construing those paragraphs.

3. STATUTES ☞241(1) — PENAL STATUTES STRICTLY CONSTRUED.

A penal statute must be strictly construed, and cannot be extended to cases not included in the clear import of its language.

Appeal from Circuit Court, Talladega County; A. B. Foster, Judge.

Lawrence Dumas was convicted of operating a cotton mill without a license, and he appeals. Reversed and remanded.

Knox, Acker, Dixon & Sims, of Talladega, for appellant.

The statute makes no reference to hosiery mills, and the defendant should have been permitted to prove that he was operating a hosiery rather than a cotton mill. 86 Ala. 196, 5 South. 468; 6 Ala. App. 629, 60 South. 949; 5 Ala. App. 171, 59 South. 318; 22 Ala. 69; 25 R. C. L. 1047 and 1064; 203 Ala. 128, 82 South. 158; 163 Ala. 460, 50 South. 140. The Legislature recognized the difference in their 1919 revenue law, by putting yarn mills, rope mills, and hosiery mills in the classification.

J. Q. Smith, Atty. Gen., for the State. No brief reached the Reporter.

MERRITT, J. The only question presented for review in this cause is whether or not as a matter of fact the defendant is liable for a license for operating the Hicks Hosiery Mill in Talladega county; the state's contention being that under subdivision 36 of section 1 of an act approved September 14, 1915, (Acts 1915, p. 489), the defendant is liable for such license. Said subdivision reads as follows:

"36. For every person operating any cotton seed oil mill, cotton mill or cotton factory, ten dollars, where the investment for plant and fixtures is less than twenty thousand dollars; on every plant where the investment is twenty thousand, and less than fifty thousand dollars, thirty dollars; on every plant where the investment is fifty thousand dollars, and under one hundred thousand dollars, fifty dollars; on every plant where the investment is one hundred thousand dollars, and under five hundred thousand dollars, one hundred dollars; on every plant where the investment is five hundred thousand dollars, and under one million dollars, one hundred and fifty dollars; on every plant where the investment is one million dollars, or over, two hundred dollars."

The provision is substantially the same as is found in the Code of Alabama of 1907 in subdivision 27b of section 2361. It will be noted that the license required is for every person operating any cotton mill or cotton factory.

The witness Savery, license inspector of Talladega county, and the person making the affidavit, testified that the defendant was cited for operating a cotton mill or cotton factory; that the mill which he was operating was spoken of as the hosiery mill; that the nature of the business for which they operate the mill is to make hosiery out of cotton yarn; that he had never heard it called a cotton mill; it is called a knitting mill.

A. W. Hardin, a witness for the state, testified that he was superintendent of the hosiery mill, and had worked there a number of years; that they made cotton hose and cotton half hose at the mill, although they could make hose of other material; that they had not made any yarns, and did not use any raw cotton whatsoever. Witness further testified that this mill was not a cotton mill or cotton factory; that a cotton mill or cotton factory takes cotton in its raw state and manufactures it into some article. In this mill they could use either silk or other yarn for manufacturing hose or half hose.

The testimony for the defendant was substantially the same as that offered by the state as to the meaning of cotton mills and hosiery mills, and how the mill in question was operated.

[1] It is clear to our minds that there is a clear distinction between a cotton mill and a hosiery mill, as the terms are used in this act. A cotton mill or cotton factory is a mill which manufactures cotton from the raw state into a finished product, and a mill which does not use the raw product or raw cotton itself, but some species of cotton yarn, as in this case the yarn to make hosiery; it is a hosiery mill, and not a cotton mill or cotton factory.

[2, 3] The Legislature of Alabama recognized this distinction and in the act of September 15, 1919 (Acts 1919, p. 408), included in addition to cotton mill or cotton factory, yarn mill, hosiery mill, etc.

"If in a subsequent clause of the same act provisions are introduced which show the sense in which the Legislature employed the doubtful phrases previously used, that sense is to be adopted in construing those paragraphs." 25 R. C. L. p. 1064.

"A penal statute must be strictly construed, and cannot be extended to cases not included within the clear import of its language." Ency. Dig. Ala. Repts. vol. 11, p. 1118.

The defendant was tried by the court, without a jury, and found guilty, and, from the view of this court, he was not subject to the payment of a license, and should have been acquitted.

Reversed and remanded.