FOURNET,' Justice
 

 (dissenting).
 

 I am of the opinion that the legislature of the State of Louisiana, by adopting its Act No. 198 for the year 1918, did not intend to nor did it in fact repeal or supersede the law of registry, in so far as it affects third persons dealing with real property. The holding of the majority opinion to the contrary is “in violation of the well-established principles of law that
 
 ‘repeals by implication are not favored and zvill not be indulged if there is cmy other reasonable construction;
 
 * * * ’ Ruling Case Law, vol. 25, § 169 (see, also, Johnson v. Browne, 205 U.S. 309, 321, 27 S.Ct. 539, 51 L.Ed. 816, 10 Ann.Cas. 636; Osborn v. Nicholson, 13 Wall. 654, 662, 20 L.Ed. 689; Succession of Hebert, 5 La.Ann. 121; State v. Brown, 48 La.Ann. 1569, 21 So. 143; Wachsen v. Commission Council of Lake Charles, 162 La. 823, 111 So. 177);
 
 that prior laws are repealed by subsequent lazvs only in case of positive enactment or clear repugnancy
 
 (Johnson v. Pilster, 4 Rob. 71) ;
 
 that nothing short of irreconcilable conflict between two statutes works a repeal by implication
 
 (Bank of Lecompte v. Lecompte Cotton Oil Co., 125 La. 844, 51 So. 1010; City of New Orleans v. New Orleans Jockey Club, 129 La. 64, 55 So. 711; State ex rel. Plyams’ Heirs v. Grace, 173 La. 215, 136 So. 569);
 
 that where a statute is ambiguoiis and susceptible of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the Legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences
 
 (Encyc. of U.S.S.S.Ct.Rep. Statutes, vol. 11, pp. 151, 152, and cases therein cited; see, also, Corpus Juris, vol. 59, § 171; Ruling Case Law, vol. 25, § 242; Greek-American Produce Co. v. Illinois Cent. R. Co., 4 Ala.App. 377, 58 So. 994) * * State v. Standard Oil Co. of La., 188 La. 978, at page 1054, 178 So. 601, at page 626. (Italics mine.)
 

 In the instant case, the act being “An Act To grant the right to mortgage
 
 movable property
 
 * * * ” necessarily could not have been intended to affect
 
 immovable property
 
 and when providing in section 1 of the act that “ * * * it shall be lawful to mortgage * * * buildings on leased ground * * (Italics mine.)
 
 *569
 
 It is my opinion that the legislature intended thereby to mean,
 
 in order to affect third persons,
 
 a recorded lease. That fact is accentuated in its later act of 1926, No. 186, the title of which reads as follows: “An Act To authorize any Lessee, Sub-Lessee, or Assignee of a lease or sub-lease, to mortgage, affect and hypothecate his interest in such lease, or sub-lease, bearing on real property in the State of Louisiana, together with his interest in the buildings, constructions and improvements then or thereafter existing upon the leased premises ; to provide for the recordation of such mortgages; and to repeal all laws, or parts of laws, in conflict herewith and especially Act No. 21 of the Acts of the General Assembly of the State of Louisiana for the year 1908, provided such repeal shall not affect the validity or legality of bonds and mortgages executed under said act.”
 

 In that act, it is provided that “* * *
 
 'such mortgage shall not affect third persons unless and until recorded in the manner provided by law for the recordation of conventional mortgages upon real estate.”
 
 (Italics mine.) Section 1.
 

 It is provided in the Constitution of the State of Louisiana for the year 1921 that
 
 "No mortgage or privilege on immovable property, or debt for which preference may be granted by law, shall affect third persons unless recorded or registered in the parish where the property is situated, in the manner and within the time prescribed by law * *
 
 *. Privileges on movable property shall exist without registration of same except in such cases as may be prescribed by law.” Section 19 of Article XIX. The same provisions were contained in the constitutions of 1913, 1898, 1879 and 1868. See Articles 186 and 187 of the Constitutions of 1913 and 1898, Articles 176 and 177 of the Constitution of 1879, and Article 123 of the Constitution of 1868. The manner prescribed by law for the registry of mortgages is found under Title XXII of the Revised Civil Code, Section 3 of Chapter 2, dealing with the inscription of mortgages. (Italics mine.)
 

 If the legislature had intended by its Act No. 198 of 1918 (Chattel Mortgage Act) to repeal or supersede the law of registry that stood so long on the statute, books of this state and had been assured by incorporation into every Constitution of Louisiana beginning with the Constitution of 1868, it would have expressly done so.
 

 The holding of the majority opinion in this case, in my opinion, beside violating the rules above referred to, will lead to “injustice * * * and absurd consequences.” For instance, if A, who erected a building on an unimproved tract of land verbally leased from B, grants a chattel mortgage on the building, in accordance with Act No. 198 of 1918, to C, and subsequently B sells the real estate to D, who obtains mortgage certificates, both real and chattel, in the name of B, having no knowledge of the transaction between A and C or between A and B, the consequence will be that the certificates will not show any encumbrances, as the chattel mortgage is recorded in A’s name only, thus
 
 *571
 
 leading to a grave injustice to D, who purchased on the faith of the record with clear certificates. In other words, the only way D could protect himself would be to run all of the chattel mortgages granted within the time prescribed by law for the prescription of such acts, irrespective of the name of the grantor or mortgagor, and check them with the view of discovering if any of the act's cover a building situated on real property having the description of the property he contemplates acquiring, which is, in my humble opinion, an injustice and absurdity never intended by the legislature.
 

 I therefore respectfully dissent.