Mrs. Ballard was indicted for the offense of child abuse pursuant to the provisions of Title 14, Section 41 (1), Code of Alabama.
Omitting the formal parts the indictment reads as follows:
 "The GRAND JURY of said County charge, that, before the finding of this indictment KAREN KAY BALLARD whose name is to the Grand Jury otherwise unknown than as stated, and who is over the age of eighteen years, did willfully and unlawfully hit, beat, strike, or inflict unjustifiable physical pain or mental suffering on Jennifer Ballard, a child under the age of sixteen years in a manner which was not ordinary and reasonable discipline and punishment, against the peace and dignity of the State of Alabama."
The defendant filed a demurrer to the indictment alleging:
1. The indictment is defective in that it is so vague and indefinite that it fails to apprise the Defendant of the offense with which she is charged.
2. The statute under which this indictment is drawn is unconstitutionally vague in defining the offense with which the Defendant is charged.
3. The act under which the indictment was returned is unconstitutional in that the act itself is broader than the title under which the act is drawn, in contravention of the Constitution of Alabama, Art. 4, Section 45.
4. The statute under which this indictment is drawn is unconstitutionally overbroad in that its terms are equally applicable to willful offenders and to persons who accidentally or unintentionally inflict injury to a child.
5. The indictment is defective in that it is so vague and indefinite as to the offense with which the Defendant is charged, that she is unable to properly and adequately prepare a defense to the charges.
6. The indictment violates the Defendant's due rights under U.S. Constitution, Amendment V.
7. The indictment denies the Defendant her right to due process under U.S. Constitution, Amendment XIV.
8. The indictment violates the Constitution of Alabama, Art. 1, Section 6 by failing to inform the Defendant of the nature and cause of the accusation against her.
9. The indictment is defective in that it does not set out with definiteness the constituent elements of the offense, in violation of the Constitution of Alabama, Art. 1, Section 6.
10. The indictment is defective in that the statute under which it was returned violates Constitution of Alabama, Art. 1, Section 6.
11. The alleged offense does not constitute a crime under the laws of Alabama.
12. The statute is unconstitutionally vague and denies the Defendant equal protection in that "unjustifiable pain" is subject to varying opinions and viewpoints of enforcers of the rule, and does not furnish a meaningful standard of action.
13. The Defendant has been placed in former jeopardy.
The law in question is Act No. 2422, General Acts of Alabama 1971, approved October 1, 1971. The entire act reads as follows:
"AN ACT
 "To provide for the conviction of persons over 18 years of age who wilfully cause pain or injury to a child under 16 years of age and to provide the punishment for such crime.
"Be It Enacted by the Legislature of Alabama:
 "Section 1. Any person over 18 years of age who hits, beats, strikes, cuts, stabs, burns, scalds, or inflicts unjustifiable physical pain or mental suffering on any child under the age of 16 years in a manner which is not ordinary and reasonable discipline and punishment shall, on conviction, be punished by imprisonment in the penitentiary for not less than one year nor more than ten years.
 "Section 2. This Act shall become effective upon its passage and approval by the *Page 959 
Governor or upon its otherwise becoming a law.
"Approved October 1, 1971."
The trial court rendered the following decree:
 "ORDER, DEMURRER TO INDICTMENT SUSTAINED — DEFENDANT DISCHARGED.
 "State of Alabama } Child Abuse. }
Hodnette vs. 35229 } Demurrer to Indictment — } Sustained — Defendant } discharged — }
Karen Kay Ballard } Attorney in court. (WF DB 4/22/54) }
 "This day in open court came the State of Alabama by its District Attorney and the defendant's Demurrer filed on the 18th day of February, 1976, to the Indictment in this case and having heretofore on the 17th day of March, 1976, been argued by counsel and submitted to the court, together with all of the other papers in this case, and said Demurrer being understood by the Court;
 "This cause on coming to be heard is submitted for ruling on the Demurrer of the Defendant challenging the constitutionality of Act No. 2422, 1971 Acts of Alabama, and codified in Tit. 14, Sec. 4 [41](1) Code of Alabama (Recompiled 1958); and the Court having heard the argument of counsel and having carefully considered the same and the briefs submitted on behalf of the State and the defendant and the Court being of the opinion that said Act is unconstitutional; "It is therefore ORDERED, ADJUDGED AND DECREED by the Court that Act No. 2422, 1971 Acts of Alabama, codified in Tit. 14, Sec. 41 (1) Code of Alabama (Recompiled 1958) be and the same is hereby declared unconstitutional as violative of Article 4, Sec. 45, Constitution of Alabama in that the scope of the body of said act exceeds the scope of the title of the act; Article 1, Sec. 6, Constitution of Alabama, in that the definition of said crime is vague and ambiguous and does not apprise the defendant of the nature and cause of the accusation against her; and further for these same latter reasons is violative of the United States Constitution, Amendment 5.
 "It is therefore further ORDERED, ADJUDGED and DECREED by the Court that the defendant, Karen K. Ballard, be and is hereby discharged."
Since Act No. 2422 was declared to be unconstitutional the State of Alabama appealed the decision of the trial court.
We start with the statement that a statute will, if possible, be so construed as to render it valid. Alabama Digest, Constitutional Law, 48.
It is also the law that an overbroad enactment cannot enlarge a narrower title. White v. State, 49 Ala. App. 5, 267 So.2d 802. Stated another way, the test is: Is there anything in the bill that cannot by fair construction be referred to the title?
A careful reading of Act No. 2422, supra, demonstrates that nowhere does the element of scienter or wilfulness appear in the body of the act. The title of this act is narrow and restrictive, carefully setting out the precise elements required to constitute the commission of a crime. The body of the act fails to do this. This is a penal statute and must be strictly construed and may not be extended by construction.Dumas v. State, 17 Ala. App. 492, 86 So. 162.
In Locklear v. State, 50 Ala. App. 679, 282 So.2d 116, this Court held:
 "Criminal statutes cannot be extended to cases not included within the clear and obvious import of their language. Young v. State, 58 Ala. 358 (1).
 "No person is to be made subject to penal statutes by implication, and all doubts concerning their interpretation are to predominate in favor of accused. Fuller v. State, 257 Ala. 502, 60 So.2d 202 (5). "Penal statutes are not to be extended by construction, but must be limited to cases clearly within the language used. Greek-American Produce Co. v. Illinois Central R.R. Co., 4 Ala. App. 377, 58 So. 994 (9)."
The problems arising from broad statutes with restrictive titles have confronted the *Page 960 
Alabama Court on a number of occasions. In Brown v. NationalMotor Fleets, Inc., 276 Ala. 493, 164 So.2d 489 (1964), the Court dealt with a statute imposing a tax on motor trucks operating "for hire." There the Court found that where the body of the Act used the term "for hire" in a broader sense than the ordinary commercial meaning, and the title did not indicate this broader usage, the Act was unconstitutional under Section 45. In so holding, the Court stated that:
 "The title alone should be considered and a determination made as to object or objects, it expresses; and the body of the Act, regardless of definition, cannot enlarge the meaning. . . . `The body determines the scope of the operation of the act, but is limited by the maximum scope as expressed in the title . . .' Mason, `The Drafting of Statute Titles', 10 Ind.Law Journal 155, 160." Brown at 494, 164 So.2d at 490 (Emphasis added).
In striking down a portion of Alabama's stop and frisk statute, which allowed for search after a frisk revealed no weapons, and the title referred to only a "search for weapons," the Court of Criminal Appeals in White v. State, 49 Ala. App. 5,267 So.2d 802 (1972), held that an overbroad enactment cannot enlarge a narrow title, and to the extent it purports to do so is void.
Most recently this question was presented in Bagby ElevatorCompany v. McBride, 292 Ala. 191, 291 So.2d 306 (1974). There the Court held that where the title indicated the Act dealt with the time within which actions must be brought (the traditional statute of limitations), while the body contained a provision extinguishing the cause of action, that portion of the statute was void under Section 45 in that the latter provision encompassed matters not indicated by the title.
Similar holdings permeate Alabama constitutional law. InFuqua v. City of Mobile, 219 Ala. 1, 121 So. 696 (1928), the Court held that where the title of an Act is narrow and restrictive, and where the subject matter of the Act goes beyond the title, the Act violates Section 45. Likewise the Court stated in Opinion of Justices, 247 Ala. 195, 23 So.2d 505
(1945), that if an Act is broader than the title . . . that part of the Act that is not indicated by the title is unconstitutional. See also 73 Am.Jur.2d, Statutes, Section 113.
In order to bring the title and body of this Act into harmony this Court would, of necessity, have to redefine the crime of child abuse which we are forbidden to do. This is purely a legislative function. The offense defined in the title requires an evil mind — the offender must wilfully commit the act. The offense defined in the body of the act requires no such mental state, but rather a physical act. It is absolutely impossible to avoid holding that the title to this Act is more restrictive than the body.
In Opinion of Justices, 247 Ala. 195, 23 So.2d 505, it is said:
 "It is a familiar principle that if the Act is broader than the title, that part which is within both the title and the body of the Act can stand, while that part not indicated by the title will fall."
Another problem inherent in this Act is that it is vague and uncertain in that the words: "or inflicts unjustifiable physical pain or mental suffering . . . in a manner which is not ordinary and reasonable discipline and punishment," leaves so many variables that an accused would be at a loss to know precisely what he is charged with in order to enable him to adequately prepare his defense.
In Gayden v. State, 262 Ala. 468, 80 So.2d 501, the Supreme Court said:
 "Indictments must always conform to the mandates of our organic law. The emphasis in our cases `that in all criminal prosecutions, the accused has the right * * * to demand the nature and cause of the accusation' now § 6 of the Constitution of 1901 — is not meaningless tautology, but one of the cornerstones of our Bill of Rights. As was observed by the late lamented Mr. Justice Brown in Spooney v. State, 217 Ala. 219, 222-223, 115 So. 308, 312;
 `"* * * It is but an expression of the fundamental principle that inspired civilized *Page 961 
man to form a government, the ultimate purpose of which is to protect the individual in working out his destiny, and finds expression in our Constitution in these words: `That in all criminal prosecutions the accused has a right to be heard by himself and counsel, or either; * * * and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law.' * * * Constitution of Alabama 1901, §§ 6, 13. * *
 `"The manifest purposes of the quoted constitutional provisions, where life, liberty, and property are affected, are to secure the citizen against the arbitrary action of those in authority, and to place him under the protection of the law." * * *'
 "And that provision and the others of our Bill of Rights `are to be largely and liberally construed in favor of the citizen.' Dorman v. State, 34 Ala. 216, 238.
 "We are further restrained in this case by the requirements of the Fourteenth Amendment to the Constitution of the United States. The following utterances by our Federal courts are pertinent: `No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.' Cole v. State of Arkansas, 333 U.S. 196, 201, 68 S.Ct. 514, 517, 92 L.Ed. 644. `The petitioner charged that he had been denied any real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process * * *.' Smith v. O'Grady, Warden, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859. `An intelligent and full understanding by the accused of the charge against him is a first requirement of due process.' Bergen v. United States, 8 Cir., 145 F.2d 181, 187.
 "Regardless of some ill-considered, loose expressions in some of the cases, the law is and always has been that it is not enough to charge against a defendant a mere legal conclusion as justly inferential from facts not set out in the indictment. United States v. Almeida, 24 Fed.Cas. pages 775, 776, No. 14,433.
 `"In order to properly inform the accused of the `nature and cause of the accusation,' within the meaning of the constitution and of the rules of the common law, a little thought will make it plain, not only to the legal, but to all other educated, minds, that not only must all the elements of the offense be stated in the indictment, but that also they must be stated with clearness and certainty, and with a sufficient degree of particularity to identify the transaction to which the indictment relates as to place, persons, things, and other details. The accused must receive sufficient information to enable him to reasonably understand, not only the nature of the offense, but the particular act or acts touching which he must be prepared with his proof; and when his liberty, and perhaps his life, are at stake, he is not to be left so scantily informed as to cause him to rest his defense upon the hypothesis that he is charged with a certain act or series of acts, with the hazard of being surprised by proofs on the part of the prosecution of an entirely different act or series of acts, at least so far as such surprise can be avoided by reasonable particularity and fullness of description of the alleged offense."' (Italics supplied.) United States v. Potter, 1 Cir., 56 F. 83, 89."
In Bolin v. State, 266 Ala. 256, 96 So.2d 582, the Supreme Court said:
 "It is also settled law that `In enacting a criminal statute, there is an obligation on the State to so frame it that those who are to administer it and those to whom it is to be administered may know what standard of conduct is intended to be required and legislation may run afoul of the due process clause because of a failure to set up any sufficient guidance to those who would be law-abiding, or to advise a defendant of the nature and *Page 962 
cause of an accusation he is called on to answer, or to guide the courts in the law's enforcement.' Kahalley v. State, 254 Ala. 482, 483, 48 So.2d 794, 795; Seals v. State, 239 Ala. 5, 194 So. 682; Standard Oil v. State, 178 Ala. 400, 59 So. 667; Carter v. State, 243 Ala. 575, 11 So.2d 764.
 "And a person is not required to speculate as to the meaning of a statute at the peril of his freedom. Lanzetta v. State of New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888. The intent of the legislature must appear from the face of the statute. Standard Oil Co. v. State, supra."
A defendant who is called upon to answer an indictment which tracks the language of Act No. 2422, supra, could be put in an impossible position in preparing to defend himself against charges of "unjustifiable pain" or "ordinary and reasonable punishment." These are subjective terms and there are no standards whereby one can determine what constitutes the crime. He might appear in court to adequately defend himself against charges that he "hit, beat, struck, cut, stabbed, burned or scalded" a child. On the other hand, he might be met with evidence adduced by the State that he chained his child to a bed in a dark room without food or water. No one would contend for a moment that such an act would not be "unjustifiable pain" or would constitute "ordinary and reasonable punishment," yet the defendant would be helpless in preparing his defense to such evidence. Such language is vague, indefinite and overbroad and cannot pass constitutional muster.
We are loath to strike down any law dealing with child abuse. We realize that child abuse is a fast growing national problem and that all 50 states have passed statutes, in one form or another, dealing with this problem, but we are compelled to follow the law. We agree with the decision of the trial court and affirm his decree holding Act No. 2422 to be unconstitutional as written.
AFFIRMED.
All the Judges concur.