# Alabama Great Southern Railroad Co. v. Shahan.

*Action against Railroad Company to recover Damages caused by an Overflow.*

1. *Action against a railroad company for defective culvert; sufficient allegations of negligence.*—In an action against a railroad company to recover damages for injuries done to plaintiff's storehouse and his stock of merchandise, caused by an overflow, a complaint which, after averring that the plaintiff's said storehouse was situated near an embankment erected by the defendant railroad company along its right of way, under which there was constructed a culvert maintained for the passage of water in time of rain, then avers that said culvert was insufficient for the passage of water during rainfalls, and that the defendant negligently allowed said culvert to fill partially by the washing of sand and loose rock in it, which further obstructed the free passage of water through said culvert, by reason of which said negligence on the part of the defendant the water from said culvert and embankment backed over and flooded the plaintiff's storehouse, causing the injuries complained of, sufficiently avers negligence on the part of the defendant.

2. *Same; same; misjoinder of causes of action.*—In an action to recover damages for injuries to plaintiff's storehouse and stock of merchandise, caused by the negligence of the defendant in the construction and maintenance of a culvert, a count of the complaint which avers injuries to the plaintiff resulting from several separate and distinct overflows, is demurrable for improperly joining several separate and distinct causes of action.

APPEAL from the Circuit Court of Etowah.

Tried before the Hon. JAMES J. BANKS.

This was an action brought by the appellant. W. P. Shahan, against the Alabama Great Southern Railroad

Company. The complaint contained two counts, the substance of which is sufficiently stated in the opinion. To the first count of the complaint the defendant demurred upon the following grounds: "1st. Said first count fails to show that any duty rested upon defendant to provide for the discharge of water from plaintiff's land. 2d. Said first count shows on its face that there was no natural water course for which defendant was under any duty to provide a way of escape. 3d. Said first count of complaint fails to show that the land which was occupied by defendant's road-bed, tunnel and right of way was burdened with the servitude of providing an outlet for the water which is alleged to have injured plaintiff. 4th. Said first count fails to show that it was the duty of defendant to provide for the passage of water in time of rainfall, through said culvert. 5th. Said first count fails to aver that the storehouse was erected before the railroad embankment or culvert. 6th. Said first count shows on its face that a recovery for the injuries which occurred in March, 1891, is barred by the statute of limitation of one year, and said first count fails to distinguish or separate these injuries from the other injuries referred to in said first count of complaint. 7th. Said first count contains several distinct causes of action. 8th. Said first count seeks to recover in same count for injuries which occurred in March, 1891, October, 1891, February, 1892, March, 1892, and August, 1892. 9th. Said first count shows on its face that defendant had acquired a right of way authorizing the construction of said embankment and culvert and fails to show any additional burden has been placed on the land."

To the second count, the defendant demurred upon the same grounds as were assigned to the first count, and the following additional grounds: "10th. Said second count fails to show that it was the duty of defendant to prevent the drainage from said culvert on the opposite side of the mouth of said culvert from filling up with sand and loose rock and other obstacles which obstructed the free flow of water from said culvert. 11th. Said second count fails to show that the injuries complained of resulted from any breach of duty on the part of defendant." These demurrers were overruled. Thereupon the defendant pleaded the general

issue, and several special pleas. There were demurrers to some of the special pleas which were sustained ; but under the opinion it is unnecessary to 'set out either the pleas or the demurrers. Issue was joined upon the remaining pleas of the defendant. There were verdict and judgment for the plaintiff, assessing his damages at $1,500. The defendant appeals, and assigns as error the rulings of the trial court upon the pleadings, and the rendition of judgment for the plaintiff.

Goodhue & Sibert, for appellant.—The demurrer to each count of the complaint should have been sustained. Each count seeks to unite in the same count actions for ·separate and distinct injuries. Each count seeks to ·recover for injuries occurring in March and August, 1891, and February, March and · August, 1892. It is well settled that several causes of action cannot be joined in the same count.—*L. & N. R. R. Co. v. Cofer*, 110 Ala. 491. It is also well settled that each successive overflow is a distinct cause of action, accruing when the injury occurs.—*S. A. & M. R. Co. v. Buford*, 106 Ala. 303.

Again, both counts of the complaint failed to show that the land which was occupied by defendant's road-bed, culvert and right of way was burdened with the servitude of providing an outlet for the water which injured plaintiff.—*Farris v. Dudley*, 78 Ala. 124 ; *Nininger v. Norwood*, 72 Ala. 277 ; *Hughes v. Anderson*, 68 Ala. 280 ; *Crabtree v. Baker*, 75 Ala. 91.

Denson & Burnett, *contra*.—Each of the counts of the complaint sufficiently states a cause of action. *S. A. & M. R. Co. v. Buford*, 106 Ala. 303, 2 Dillon Munic. Corp., 1047 ; *Sullen v. Chicago, &c., R. R. Co.*, 7 Amer. St. Rep. 505.

There was no misjoinder of the causes of action in either of the counts of the complaint.—*Ala. Mid. R. Co. v. Martin*, 100 Ala. 514 ; *Shields v. Sheffield*, 79 Ala. 94. This objection, if tenable, should have been made by a motion to strike and not by a demurrer. Demurrer is not the proper way to reach it.—*Mooney v. Kennutt*, 19 Mo. App. 551 ; *Gale v. Toulumne Water Co.*, 14 Cal. 25 ; *Corpening v. Worthington*, 99 Ala. 541 ; *Hester v. Ballard*, 96 Ala. 410 ; *Kennon v. W. U. T. Co.*, 92 Ala. 399 ; *A. G. S. R. R. Co. v. Tapia*, 94 Ala. 226.

COLEMAN, J.—The plaintiff's action is in case, and seeks to recover damages for injuries done to his stock of merchandise and his storehouse, caused by an overflow of rain-water.  The complaint shows that the storehouse was situated near an embankment erected by the defendant railroad company, under which there was a culvert maintained for the passage of water in time of rain.  The first count avers that "the defendant negligently allowed said culvert to remain in a condition which was and is insufficient for the free passage of water in time of rainfall," &c.  It does not clearly appear from the language employed whether the pleader intended to aver that the culvert was insufficienely constructed for the passage of water, or whether it had become insufficient for the passage of water by reason of extraneous causes; and which "were negligently allowed to remain."  Construing the pleadings most strongly against the pleader, we hold that the latter is the legal construction to be placed upon the averment.

The second count avers "that said culvert was and is insufficient for the passage of water during rainfalls; * * * that defendant negligently allowed said culvert to fill partially from the washing of sand and loose rock in it, in time of rain, which further obstructed the free passage of water; that on the opposite side of the mouth of said culvert, and (on the right of way of defendant) the defendant negligently allowed the drainage from said culvert to fill up with sand and loose rock and other obstacles which also obstructed the free flow of water from said culvert; * * * by reason of the said negligence of the defendant the water from said culvert and embankment, backed over and flooded the floor of plaintiff's said store building and submerged, injured and destroyed," etc.  This count sufficiently avers the negligence of the defendant and the consequent injury to plaintiff to show a good cause of action.

We are of opinion, however, that each of these counts were subject to demurrer upon another ground.  Each count avers injury resulting from an overflow in March and an overflow in August, 1891, and separate overflows in February, March and August, 1892.  These were separate and distinct torts, inflicting separate and several injuries, each furnishing a separate and distinct cause of action, and to which there may be separate and dif-

ferent defenses. All these could be joined properly in one complaint, but should be presented in different counts. It is not permissible to unite in one count several torts, constituting distinct and separate causes of action. The precise question was adjudicated in *L. & N. R. R. Co. v. Cofer*, 110 Ala. 491; *Dusenberry v. R. R. Co.*, 94 Ala. 413; *Offield v. Wabash, &c. R. R. Co.*, 22 Mo. App. 607; *S. A. & M. Railway v. Buford*, 106 Ala. 303. The grounds of demurrer to these counts raised this objection and should have been sustained.

The other questions raised by the pleas of the defendant, and the demurrers thereto, and the rulings of the court upon the pleading, are believed to have been sufficiently considered in a case between the same parties, arising from a subsequent overflow, and adjudicated at the present term.—*Shahan v. A. G. S. R. R. Co.*, 115 Ala. 181. It is unnecessary to repeat here what was said in that case.

Reversed and remanded.

McCLELLAN, J., dissenting.