144 So.2d 18

**CITY OF ANNISTON**

v.

**Willie L. ISBELL et al.**

**7 Div. 545.**

Supreme Court of Alabama.

Aug. 30, 1962.

Emerson, Watson, Wilson & Propst, Anniston, for appellant.

Charles Thomason, Anniston, for appellees.

SIMPSON, Justice.

The plaintiff recovered a judgment against the City of Anniston for damages to his house and lot for the negligent maintenance of a defective culvert or storm sewer whereby the sewer overflowed during heavy rains, thereby causing the damages.

The case went to the jury on Counts 6, 8, 9, 10, and 12. Pleading was in short by consent.

Counts 6, 8, and 9 alleged negligence in the maintenance of the sewer of inadequate and insufficient size and capacity to carry the rain water, thereby causing the overflow. Essentially, these counts claim damages for the maintenance of an improperly constructed sewer of insufficient size to carry off the surface waters.

There are three assignments of error but we address ourselves to Assignment of Error No. 1, which we think is well taken. This assignment charges error in the refusal by the trial court to give the following written requested charge:

"The Court charges you, Gentlemen of the Jury, that if you are reasonably satisfied from the evidence in this case

that the culvert or sewer running under West 29th Street in the City of Anniston, Alabama [locus in quo of plaintiff's lot] is a permanent culvert or sewer; that any overflow from said culvert or sewer at the times complained of in the plaintiffs' complaint was due to the insufficient size of the culvert or sewer and not to the flow of water therein being obstructed from extraneous cause or causes; and that said culvert or sewer was constructed more than one year before July 29, 1959, the date this present suit was begun, then I charge you, Gentlemen of the Jury, that the plaintiffs' cause of action is barred by the statute of limitations of one year and you must return your verdict in favor of the defendant."

Contrary to what the appellee argues, the principle sought to be exposited in the foregoing charge was not covered by any other charge, including the court's oral charge, and we think the refusal of this charge is fatal to an affirmance of the case.

■■■ The sewer was constructed some four years before it overflowed and damaged the plaintiffs' property. Counts 6, 8, and 9 allege a permanent, unabatable nuisance and under the authorities the statute began to run upon completion of the faulty construction. A cause of action for such permanent nuisance arises on construction of the nuisance and the statute of limitations of one year runs from the time of the construction of same.—Goodyear Tire & Rubber Co. v. Gadsden Sand & Gravel Co., 248 Ala. 273, 278, 27 So.2d 578. See also Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606.

In Goodyear Tire & Rubber Co. v. Gadsden Sand & Gravel Co., supra, (248 Ala. at p. 278, 27 So.2d at p. 582) we said:

"* * * while *the cause of action for a permanent nuisance arises on construction of the nuisance,* the cause of action for an abatable nuisance 'does not arise until the harmful consequences occur and each occurrence or recurrence constitutes a separate cause of action.' " (Italics supplied.)

Again we there said:

"As demonstrating that the causes of action are different it is sufficient to point out that the statute of limitations of one year presents a different defense to each claim. * * * The statute runs from the time of the construction of the permanent nuisance but runs from the infliction of the injury when the nuisance is abatable."

Quite clearly then the defendant was entitled to have this principle explained to the jury by the stated charge.

The principle was aptly stated in Harris v. Town of Tarrant City, 221 Ala. 558, 560, 130 So. 83, 84:

"For an abatable nuisance the cause of action does not arise until the harmful consequences occur, and each occurrence or recurrence of such damages constitutes a separate cause of action. * * * But for an injury by a permanent and unabatable condition the damages are estimated on the hypothesis of an indefinite continuance of the nuisance, and thus affecting the permanent value of the property. In such event, one may not recover in successive suits, but his damages are awarded in solido in one action."

City of Birmingham v. Flowers, 224 Ala. 279, 281, 140 So. 353, 354, states the principle in the following language:

"* * * if the improvement is of a permanent character and not abatable as a nuisance, the injury thereby done should be assessed in solido. If the improvement itself is proper but the damage results from a negligent maintenance of same each recurring injury resulting therefrom affords separate rights of action.

"True, the negligence charged is in the maintenance rather than the construction of the culvert, but the negli-

gence in the maintenance is due to a culvert insufficient to discharge the volume of water and not to the maintenance thereof after it had become stopped up or defective. In other words, the gist of the action is for negligently maintaining a culvert which had been improperly constructed for the purpose of discharging the natural flow of water."

In brief appellees argue, in addition to the proposition that the charge is otherwise covered, that the charge is misleading, relying upon City of Birmingham v. Flowers, supra. In that case this court dealt with Charge 115, refused to defendant, which was in this language:

"The court charges the jury that you cannot award the plaintiff any damages on account of any damage he claimed to have sustained as a result of the construction of the culvert that was constructed on 24th Street from 32nd Alley to 32nd Avenue."

We held, "The trial court did not err in refusing the defendant's requested Charge 115. If not otherwise faulty it was misleading". We observed that there was no proof that the culvert was permitted to become choked or stopped up. Appellees in brief in the present case refer to testimony of their witness to the effect that brush was in the drainage sewer and trash and that it stayed full of mud all the time. Testimony of appellant's witnesses was to a contrary effect. Thus, not only is there a difference between the charges involved in the two cases, but between the facts. The charge here dealt with merely followed established principles in cases of this nature.

It results from the foregoing that we are constrained to hold that the learned trial court erred to a reversal in refusing the above charge.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.