263 So.2d 682

**CITY OF FAIRHOPE, Alabama,
a Municipal Corporation**

v.

**Inez N. RADDCLIFFE.**

**I Div. 55.**

Court of Civil Appeals of Alabama.

June 14, 1972.

J. B. Blackburn, Bay Minette, John V. Duck, Fairhope, for appellant.

Chason, Stone & Chason, Bay Minette, for appellee.

WRIGHT, Presiding Judge.

Suit for damages was filed by Inez N. Raddcliffe against the City of Fairhope. The complaint was in two counts, each alleging willful or wanton conduct by the city and resultant injury to the plaintiff. Count One alleged that defendant willfully or wantonly caused or allowed its sewer line to overflow and flood plaintiff's house. Count Two alleged that defendant's agents, servants or employees, while acting within the line and scope of their employment, willfully or wantonly caused or allowed the sewer line to overflow and flood plaintiff's house. Upon trial and verdict, judgment was rendered for plaintiff in the amount of $3,550.

The evidence introduced was to the effect that sewage backed up in the line and overflowed from the commode in plaintiff's bathroom, thereby flooding the house and running into the yard. The line was discovered to be stopped up by rags and clothing hung in the line at a distance below the house of plaintiff. The cause of the stoppage was not determined until after the overflow.

There was evidence that the house of plaintiff was located on a hill down which ran the sewer line. The line was stopped up at a point below the grade of the house. There was no manhole in the line between the point of stoppage and plaintiff's house. There was a manhole above the house. The nearest outlet for the blocked sewage was the commode of plaintiff.

There was evidence that plaintiff's house and another in the same vicinity on the line had been overflowed from the sewer in years past when the line would become stopped up. The city had knowledge or notice of such previous occurrences. The testimony of city employees was that in the event of the line becoming stopped up at a point below a house there was no way to prevent overflow into the house except by there being a manhole present which was at a lower elevation than the commode or another outlet in the house. Such condi-tion was explained by the premise that impounded water seeks its own level.

To the complaint, appellant first filed what was termed a plea in abatement. This plea was of the statute of limitations and was in fact a plea in bar. The plea was that the suit was barred by a one year statute of limitations. Demurrer to the plea was sustained.

Demurrer to the complaint was then filed and was overruled. Again, the plea of the one year statute of limitations was filed. Demurrer thereto was again sustained. The rulings of the court as to each of these pleas and to the demurrer to the complaint are assigned as error. We will dispose of these assignments first.

■ The injury to plaintiff's house occurred on May 3, 1968. Suit was filed on February 27, 1970, more than one year after the injury but less than six years. It is appellant's contention that the cause of action set out in the complaint, though alleging a willful or wanton act, is in fact one of trespass on the case rather than in trespass. If such is true and the statute of limitations is properly pleaded, it is barred by a one year limitation for beginning the action.

Tit. 7, § 21, 1940 Code of Alabama, as it applies to this case is as follows:

"The following must be commenced within six years:

.    .    .    .    .    .

"Actions for any trespass to real or personal property."

Tit. 7, § 26, 1940 Code of Alabama, as applicable to this case is as follows:

"The following must be commenced within one year:

.    .    .    .    .    .

"Actions for any injury to the person or rights of another, not arising from contract, and not herein specifically enumerated."

There is only one definition of common-law trespass. This is quoted in Louisville

& Nashville Railroad Company v. Johns, 267 Ala. 261, 101 So.2d 265, from an unpublished opinion in Sibley v. Odum, 257 Ala. 292, 58 So.2d 896, as follows:

" 'Trespass is of three aspects: (1) *vi et armis* (personal injuries by force directly applied); (2) *de bonis asportatis* (the carrying away of the goods of another); (3) *quaere clausum fregit* (direct injuries to the freehold).

" 'They all carry the necessary element of an intentional (or wanton, its equivalent in law), direct application of force by the defendant or under his authority. *Unless there is such direct force, there can be no trespass in any aspect.* [Emphasis ours]

" '*Case* is when injury occurs to the person or property of another when as to the defendant so charged there is no intentional direct application of force, but either a negligent unintentional application, or when the act was intentionally committed by one who is guilty of a trespass, but the defendant is legally responsible for such willful act of the other on such principle as *respondeat superior*. In that event the one is guilty of a trespass and for such trespass the other is responsible in case, because he did not commit a trespass and there was no writ which provided a remedy.' " (267 Ala. at page 277, 101 So.2d at page 280.)

■■ It seems to be commonly accepted among the bar that a count alleging a willful or wanton act is always a charge in trespass. Such is not literally true. To be a trespass there must be an act of direct force producing injury or damage. A wanton omission of duty to act is not a trespass. There is no direct force applied and the injury is not produced by application of force, but is consequential of an omission of a duty to act.

Wantonness has tended to become synonomous with trespass because it is usually connected with a direct application of force as in automobile collisions. From its legal definition in Alabama it may readily be seen it does not always amount to a trespass.

"Wantonness has been defined as a conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result. Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury. Barnes v. Haney, 280 Ala. 39, 189 So.2d 779; Graves v. Wildsmith, 278 Ala. 228, 177 So.2d 448." Water Works and Sanitary Sewer Board of City of Montgomery v. Norman, 282 Ala. 41, 46, 208 So.2d 788.

Tit. 7, § 21, of the Code requires that there be an action in trespass before the six year limitation upon suit may be applied.

Some confusion has been injected by the following statement in Doucet v. Middleton, 5 Cir., 328 F.2d 97, 101 (1964):

"The Supreme Court of Alabama in the Johns case, supra, and the Legislature of Alabama in enacting what is now section 176 of Title 7 of the Code of Alabama clearly recognized that an action against a defendant for a willful or wanton injury committed by the defendant himself was in trespass and was covered by the six year statute of limitations, . . . ."

This statement as applied to the facts in *Doucet* is correct. There was a trespass committed.

■ We do not agree with a literal construction of this statement. The Supreme Court in the *Johns* case, supra, made no such pronouncement, but defined clearly the basis of an action of trespass as we have previously indicated herein. We state again that it is not the descriptive words

"willful or wanton" which determine an act' to be in trespass, but whether the act producing injury was one of application of direct force. We comment that this construction is based upon well defined principles of common law and of the legislative designation of the applicable statute of limitations. We may not approve of it, but we are bound to so interpret and apply it until it is changed by proper authority.

Thus it appears clear that Count Two of the complaint alleging responsibility of defendant to arise from the act of an agent, servant or employee while acting within the line and scope of his employment under the principle of *respondeat superior*, though alleged to be wanton, is an action in case and thus barred by a limitation of one year.

Tit. 7, § 176(1)–(6), Code of Alabama 1940, as amended, has no application here as Count Two is not the form of action authorized therein.

Demurrer to the plea of the statute of limitations as to Count Two was wrongfully sustained.

We consider now Count One in relation to the plea of the statute of limitations.

Count One is in the form provided for in Tit. 7, § 217(1), Alabama Code of 1940, as Recompiled 1958. This is a new form of action created by the legislature, held constitutional in Aggregate Limestone Co. v. Robison, 276 Ala. 338, 161 So.2d 820, and discussed by this court in Roberson v. Harris, 45 Ala.App. 537, 233 So.2d 96. § 217(1) eliminated the distinction between trespass and case in pleading in an action where one is charged in trespass but the complaint is supported by proof that the act charged was in fact committed by a servant acting within the scope of his employment. It was stated in Aggregate Limestone Co. v. Robison, supra, as follows:

"The plain meaning of this is that where proof that an agent committed an inten-tional, wanton, or negligent act while in the line and scope of his employment, liability for such act would be imputed to the principal, regardless of the actual participation of the principal in the intentional, wanton or negligent act or omission under the doctrine of respondeat superior. This act, of course, sets up a new statutory form of action." (276 Ala. at page 342, 161 So.2d at page 824)

Note that the statute removes the common law distinction as between trespass and case only in pleading and proof. In line with the pronouncement of Louisville & Nashville Railroad Co. v. Johns, supra, it specifically provided that the statutes of limitations as to trespass and case still applied.

Tit. 7, § 217(1):

" . . . subject, however, to the right of the party or parties against whom such testimony is offered to thereupon plead the statute of limitations which might have been applicable to the case made by the evidence offered."

In the instant case, the plea of the statute of limitations of one year applicable to a complaint in case was filed prior to trial by appellant. At the time of its filing it had no application to Count One of the complaint if said count was in trespass. Under such form of action, if it is laid in trespass, the application of a plea of the statute of limitations of one year can only be determined after proof comes in showing that liability of the defendant is based upon the principle of *respondeat superior*.

The court cannot anticipate what the proof will be when determining the proper statute of limitations. It can only rely prior to trial on the matters disclosed by the pleading.

We must determine if Count One avers an action in trespass or case. We have said the averment that defendant committed a willful or wanton act does not per se render it in trespass. Is there an averment

of application of a direct force by defendant against the property of plaintiff producing injury?

We must hold there is not. The complaint characterizes the act of defendant as "caused or allowed sewer lines . . . to overflow and flood plaintiff's home." This is not a charge of application of direct force against the property of plaintiff. It has been held by the Supreme Court of Alabama in a long line of cases that an action for overflow of land by obstructing the flow of drainage is one of trespass on the case. Howell v. City of Dothan, 234 Ala. 158, 174 So. 624; Pan American Petroleum Co. v. Byars, 228 Ala. 372, 153 So. 616. The sustaining of demurrer to appellant's plea of the statute of limitations of one year to Count One was error.

■ Assignment of Error Two complains of the overruling of appellant's demurrer to the complaint. The ground of demurrer argued appears to be Ground Two, though such is not stated in brief.

Ground Two of the Demurrer is that there is no fact alleged stating a cause of action under Tit. 37, § 502, of the Code. The Code section referred to is the statute authorizing suits against a municipal corporation for acts of negligence of its agents and employees. We see no need to discuss this statute in the vein argued by appellant. We do not have to consider the cited statute for authority of one damaged by the negligent construction or maintenance of a sewer system by a city or town to bring suit. That authority has long been determined by the courts of this state to arise from § 234 of the Constitution of Alabama. Arndt v. Cullman, 132 Ala. 540, 31 So. 478; City of Birmingham v. Crane, 175 Ala. 90, 56 So. 723; City of Birmingham v. Greer, 220 Ala. 678, 126 So. 859; City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606; City of Anniston v. Isbell, 273 Ala. 696, 144 So.2d 18.

The nonapplicability of § 502 to cases of the nature charged in the complaint here was discussed in City of Birmingham v. Corr, 229 Ala. 321, 157 So. 56, and in Brown v. City of Fairhope, 265 Ala. 596, 93 So.2d 419. The counts of the complaint in this case are apparently the same as those in Brown v. City of Fairhope, supra. Counsel for appellee here was counsel for plaintiff there. Demurrer in that case was held wrongfully sustained.

■ Assignments of Error Four and Five relate to a motion filed in writing on the day of trial but prior to qualifying the jury. The motion was to require defendant to reveal the name of its insurance carrier so that the jury could be qualified in relation thereto. The motion was granted by the court, but counsel for defendant refused to comply with the court's request for the name of the insurance carrier.

Appellant, without citation of authority, charges error in the granting of the motion. It further charges error in the court subsequently qualifying the jury as to The Travelers Group after counsel had refused to disclose the identity of its true carrier. The qualification as to Travelers was upon information furnished by plaintiff's counsel.

We find no error in the granting of the motion to require disclosure of the name of the defendant's insurance carrier so that the jury might be properly qualified.

■ It appears to be appellant's position that such information may only be discovered by deposition or interrogatory prior to trial. Such may be a proper method, but it is not the only method. Tit. 30, § 52, 1940 Code of Alabama, Recompiled 1958, and the rule of cases decided thereunder give to a plaintiff the right, upon seasonable and proper motion to have the venire qualified as to their relation to or interest in any insurance company which would be liable in whole or in part for any judgment rendered against the defendant. Prince v. Lowe, 263 Ala. 410, 82 So.2d 606; Parker v. Williams, 267 Ala. 12, 99 So.2d 210.

We can see no better or more reasonable manner for obtaining the identity of such

insurance company than by asking counsel prior to asking qualifying questions of the jury. If so requested by the court, counsel should respond with the name if he knows or may obtain it. Surely, appellant cannot complain of the ruling on the motion, the mandate of which its counsel refused and failed to comply with.

 Counsel is in no position to complain in this case when the jury was qualified as to The Travelers Group. If such was not in fact the insurance carrier for his client, he could easily have given the correct one. It appears to us that reasonable cooperation between counsel and the court would avoid similar confrontations and possible contempt of court.

In view of our determination that the plea of the statute of limitations of one year was good as to both counts of the complaint, it follows that defendant was entitled to the affirmative charge as requested in writing. Since we have determined error to reverse, we pretermit consideration of other errors charged in the appeal.

Reversed and rendered.

BRADLEY and HOLMES, JJ., concur.