WRIGHT, Presiding Judge.
Plaintiff brought suit on March 21, 1975, for damages arising from overflow of water on riparian lands. Judgment was for plaintiff with damages in the sum of $550.00. Defendant appeals. We affirm.
The evidence tends to show that in 1973 defendant owned land along Skirum Creek. Defendant’s land lay partly above the land of plaintiff and on either side of the creek. He also had land across the creek from land owned by plaintiff. Defendant cleared portions of his land with machinery. In clearing he pushed trees into Skirum Creek. After heavy rains the trees and brush were carried down the creek until they accumulated and dammed the creek. The water overflowed onto plaintiff’s land causing it to wash and erode.
The first issue on appeal is whether the trial court erred in admitting evidence as to the effect upon the land of plaintiff of overflows occurring more than one year preceding filing of suit.
There is no dispute that plaintiff could recover only for damage to his property occurring within the year prior to suit. Though we find no plea of the statute of limitation filed by defendant in the record, the case was tried as though such a plea was filed. There were numerous objections by defendant during the trial to admission of evidence relative to the condition of plaintiff’s property subsequent to the pushing of the trees into the creek and prior to the beginning of the year before suit. The objections of defendant were upon the premise that evidence of damage occurring more than a year preceding suit was inadmissible.
Defendant was correct that evidence of such damage could not be considered as an element of recovery. However, evidence of the condition of plaintiff’s property and the effect of overflow caused by acts of defendant prior to the year before suit was admissible. It was admissible in order to indicate the condition of the land and the effect overflow had had upon it at the beginning of the period for which right of recovery began. Tutwiler Coal, Coke and Iron. Co. v. Nichols, 146 Ala. 364, 39 So. 762.
Defendant contends that the trial court erred in refusing to give his requested written charge as to the statute of limitation of one year. The court may not be placed in error for refusing a written requested charge unless objection is made thereto before the jury retires. Rule 51, ARCP. No such objection by defendant appears in the record. Neither is it error to fail to give a requested charge if it was *1372 fairly given in the oral charge. Rule 50, ARCP. The court orally charged the jury on the limitation of right of recovery.
Defendant further contends error in the admission of testimony of damage occurring after suit was filed and before trial and permitting of consideration of such damage in reaching a verdict.
Such action by the court was not error. Plaintiff amended his original complaint prior to trial to claim damages occurring subsequent to suit. The right to so amend and recover thereon is given by Rule 15, ARCP.
Plaintiff-appellee has filed motion for damages under Rule 38, ARCP. That motion is denied.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.