This is an appeal by plaintiff Burge from the trial court's granting of summary judgment in favor of defendants Jefferson County and Judith Johnson. The case involves a drainage system in Jefferson County, Alabama, in an area called the "Y" which is near Hueytown, Alabama, and specifically concerns the property owned by H.S. Burge, consisting of a house and shop on four lots of property, which are located just south of Louis Avenue. The property lies in a natural basin for the drainage area, downhill from Clark Mountain.
The area was developed over a long period of time and, as road surfacing went in, drain pipes were installed in natural drainage channels to continue carrying surface water down Clark Mountain in the same drainage channels in which the water ran prior to the road work. Judith C. Johnson was the owner of property across from Mr. Burge's property on the corner of Louis Avenue and Viola Avenue, for approximately ten years from 1965 until 1975. Burge, by affidavit, states that in or about 1964 or 1965, Hank Johnson, as agent for Judith Johnson, filled in a drainage ditch which ran north of Louis Avenue parallel to Louis Avenue, running along the property owned by Judith Johnson, and that while said ditch was filled in about that time, the drainage flow did not disturb his property until about 1970. This was about the time that construction was begun on Mt. Vernon Village, a trailer park on Clark Mountain. Burge filed another suit at that time and recovered damages from the defendants for damage to his property. Burge asserts that, thereafter, his property was subjected to periodic flooding following heavy rains.
Burge's complaint sought a temporary injunction, which was denied. He then amended his complaint to seek damages from a variety of defendants, including Jefferson County and Judith Johnson, the only defendants involved on this appeal. The pertinent parts of the complaint contained a count for negligence against Jefferson County and a count for permanent unabatable nuisance against Jefferson County and Judith Johnson.
The court correctly granted Jefferson County's motion for summary judgment. The plaintiff did not file a claim with the county commission as required by Ala. Code 1975, § 11-12-5, which states:
 "No claim against the county shall be passed upon or allowed by the county commission unless it is itemized by the claimant or some person in his behalf having personal knowledge of the facts and all claims passed upon and allowed according to this section must be entered in the order in which they are allowed in a book and kept for that purpose and filed for future references within two weeks after the meeting in which such allowances were made, and the claim must show whether or not any part thereof has been paid."
Our cases have repeatedly held that filing the statutory claim is a condition precedent to maintaining a suit against the county. Williams v. McMillan, 352 So.2d 1347 (Ala. 1977). We hold that the plaintiff's failure to file a claim with the county commission, as per Ala. Code 1975, § 11-12-5, bars the action against Jefferson County. Appellant's contention that he substantially complied with § 11-12-5 is without merit since no written claim was ever made. *Page 802 
It is within the power of the legislature to impose notice requirements, provided they are not unreasonable. Section11-12-5 merely requires a claimant or some person in his behalf having personal knowledge of the facts to file an itemized claim with the county.
The next question is the propriety of the trial court's granting summary judgment in favor of Judith Johnson in light of the facts, pleadings, and affidavits in the case.
Appellant states that the trial court did not explain the basis on which it granted the summary judgment. Appellant assumes that it might have been on the theory of prescriptive easement. He bases his theory on the facts that Judith Johnson argued that point in her brief, and the court did state that "the said action taken by Judith Johnson was more than ten years prior to the time alleged in the complaint when the plaintiff's damages occurred." To that point, appellant citesStouts Mountain Coal and Coke Company v. Ballard, 195 Ala. 283,70 So. 172 (1915), which held that:
 "the mere use by one of another's land or water by diversion of the water, or a pollution of same or by overflowing the land for the period necessary to bar a recovery, in such a way, a portion of the time, as not to be injurious or destructive to the owner, will not authorize the tacking to that period succeeding years in which the burdens upon the owner were increased or enlarged to the extent of producing injury or destruction, although the method of user by the adverse claimant of the cause producing the result may be the same."
195 Ala. at 287-288, 70 So. 172.
Burge, in his supplemental affidavit, states that the amount of water was relatively insignificant until 1970, and that it was not until 1972 through 1976 that the amount of water steadily increased to the point of substantial flooding after every heavy rain. Therefore, under Alabama law, the ten-year period had not run when the suit was filed in 1977.
Be that as it may, we hold that the trial court correctly granted summary judgment in favor of Judith Johnson, because the interrogatories, depositions, and pleadings show that, as a matter of law, the alleged nuisance was barred by the one-year statute of limitations, Ala. Code 1975, § 6-2-39.
Burge has consistently maintained that a permanent unabatable nuisance was caused by the acts of Judith Johnson in filling the drainage ditch. When does the statute of limitations begin to run? In Bradley and McWhirter, Inc. v. Conklan, 278 Ala. 395, 178 So.2d 551 (1965), this Court considered this question where the complaint alleged that the construction of a permanent system caused rain and other waters to run onto the plaintiff's property in excessive quantities — the exact charge as made here. There, the Court held that the case was governed by the one-year statute of limitations, citingRoundtree v. Brantley, 34 Ala. 544 (1859), and Polly v. McCall,37 Ala. 20 (1860). Judith Johnson has done nothing since 1964 or 1965. Burge contends that by filling the ditch, she created a permanent nuisance. Assuming without deciding that this is so, the statute began to run from the date the ditch was filled and the damage commenced. Goodyear Tire and Rubber Company ofAlabama, Inc. v. Gadsden Sand and Gravel Company, Inc.,248 Ala. 273, 27 So.2d 578 (1946).
The only other argument advanced for reversal centers on the trial court's disallowing an amendment to the complaint offered by the plaintiff after the case had been set for trial and after it had been pending for several years. We have carefully considered this contention and are convinced that the trial court did not abuse its discretion in this regard.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON[1] and BEATTY, JJ., concur.
[1] Justice Almon, although not sitting at oral argument, has read and studied the briefs and listened to the tape recording of oral argument. *Page 803