EMBRY, Justice.
This appeal by George W. Timmons, and wife Mary L. Timmons, is from a summary judgment entered in behalf of the City of Prichard in the Timmonses’ action seeking abatement of a nuisance. We affirm. The Timmonses’ complaint:
“Come now Plaintiffs in this action and state their complaint for abatement of a nuisance as follows:
“1. Plaintiffs have owned and resided on residential property located at 419 Hill Avenue, in the City of Prichard, County of Mobile, State of Alabama since on or about February 1, 1971.
“2. On or about May, 1979, defendants or their agents and employees constructed and thereafter maintained and operated a sewer line, known as the Zie-man Street Drainage Project, along the Southern line of plaintiffs’ property.
“3. In operating said drainage project defendants have unlawfully permitted and still unlawfully permit sewer waters and raw sewage from said sewer line to overflow onto plaintiffs’ property.
“4. As a result of said overflowing of sewage onto plaintiffs’ property, said property has been caused to be flooded with sewage several times each year since the construction of the drainage *896 project. The most recent flooding occurred on January 13, 1982.
“5. As a result of said overflowing of sewage, plaintiffs’ property is virtually unsanitary several weeks of every year because of offensive and noxious odors filling the air and unclean and unhealthy materials covering their lawn.
“6. Plaintiffs have frequently requested defendants to correct the overflow problem, but defendants have failed or refused to take any action.
“7. Said overflow is continuing and recurrent and has reduced the value of plaintiffs’ property, is making it difficult for plaintiffs to enjoy their home.
“8. Unless enjoined and abated this condition will cause further damage to plaintiffs' property and result in a multiplicity of actions.
“WHEREFORE, Plaintiffs pray:
“1. That defendants be perpetually enjoined and restrained from maintaining or permitting the maintenance of said sewage system in such manner as to permit it to overflow onto plaintiffs’ home;
“2. For judgment against defendants in the amount of $50,000.00;
“3. For costs of this action; and
“4. For such other and further relief as the Court deems proper.
“JURY TRIAL DEMANDED.”
The City and the Board filed a joint motion for summary judgment supported by three affidavits. Plaintiffs filed nothing in rebuttal. Those affidavits demonstrate that the Board had no control or supervision over the construction, maintenance, or operation of the drainage project, a project administered by the City. The affidavit of Huggins:
“KENNETH HUGGINS, first being duly sworn, deposes and says as follows:
. “My name is Kenneth Huggins and I reside at 2101 Knollwood Dr., Mobile, Alabama 36609. I am the Superintendent of The Water Works and Sewer Board of the City of Prichard. I have held this position from March, 1978 until the present time. My qualifications are as follows:
“I graduated from Louisiana State University in 1965 with a B.S.C.E. (Civil Engineering) Degree.
“I worked for national contractors from 1965 to 1970 on various elevated highway and marine projects in Louisiana and Mississippi.
“In 1970, I came to Mobile to assist in the construction of the George C. Wallace Tunnel. Subsequently, my family and I chose to remain in Mobile as opposed to the vagabond life inherent in working with national contractors on large projects.
“I worked as an engineer/superintendent for two (2) local contractors prior to coming to The Water Works and Sewer Board five (5) years ago as the superintendent.
“I am making this affidavit in the case of George Timmons, et al. v. Prichard Water & Sewer Board and The City of Prichard.
“The Prichard Water & Sewer Board is a corporation existing under the laws of Alabama and supplies water to the residents of Prichard, Chickasaw and also provides sewer service for a portion of the residents of the City of Prichard, a copy of said articles of incorporation is attached hereto and made a part hereof [omitted from this opinion].
“I have been shown, by the Board’s attorney on this date, a contract dated the 14th day of March, 1977, between the City of Prichard and Polyengineering for the design and engineering of work to be done on what is commonly known as “The Zieman Street Drainage Project.” From the documents that have been shown to me, a portion of the contract that applies to the Plaintiff in this case is under EDA Grant No. 04-11-01633.
“I have also been shown a copy of a contract entered into by the City of Prichard and J.E. Harris Co., Inc., dated August 2, 1979, for the construction of the Zieman Street Drainage Project, under the EDA Grant No. 04-11-01633.
*897 “The Water Works and Sewer Board of the City of Prichard is a separate corporation from the City of Prichard and had no part in the engineering, design or construction of the Zieman Street Drainage Project, which is the substance of the Plaintiff’s lawsuit.
“The staff of The Water Works and Sewer Board of the City of Prichard at no time exercised any supervision over the preparation of the plans or the construction of this project.
“Since the conception of this project in 1977, which was entered into between the City of Prichard and Polyengineering through the awarding of a contract on August 2, 1979, and through the construction of the total project, the staff of The Water Works and Sewer Board had no knowledge of the plans for nor the construction contract to relocate any water or sewer lines that were owned by The Water Works and Sewer Board.
“The Water Works and Sewer Board did not enter into and [was] not a part of these contracts or any other contracts relating to the Zieman Street Drainage Project. The Water Works and Sewer Board of the City of Prichard has not accepted any work done on the Zieman Street Drainage Project nor has the said Board maintained any lines that may have been a part of this contract.”
The affidavit of Wood:
“OWEN WOOD, first being duly sworn, deposes and says as follows:
“My name is Owen Wood and I reside at 4423 Westchester Court, Eight Mile, Alabama 36613. I have been a member of the Board of Directors of The Water Works and Sewer Board of the City of Prichard since October 16, 1972. Presently, I am Chairman of the said Board of Directors.
“I am making this affidavit in the case of George Timmons, et al. v. Prichard Water & Sewer Board and The City of Prichard.
“I have checked the records of The Water Works and Sewer Board of the City of Prichard and there is no contract between The Water Works and Sewer Board with any engineer or contractor for construction of what is known as the Zieman Street Drainage Project.
“I have been shown a copy of the contract entered into between the City of Prichard and Polyengineering dated March 14, 1977, for the plans and design of the Zieman Street drainage Project. I have also been shown a copy of the contract between the City of Prichard and J.E. Harris Co., Inc., for the construction of the Zieman Street Drainage project. Both of these contracts were let under an EDA grant to the City of Prichard numbered 04-11-01623.
“The Water Works and Sewer Board did not enter into and [was] not a part of these contracts or any other contracts relating to the Zieman Street Drainage Project. The Water Works and Sewer Board of the City of Prichard has not accepted any work done on the Zieman Street Drainage Project nor has the said Board maintained any lines that may have been a part of this contract.
“At the time of the above referred to lawsuit, The Water Works and Sewer Board of the City of Prichard had no knowledge of the plan, the construction nor the work done on the Zieman Street Drainage Project.”
The affidavit of Parsons:
“ARNOLD PARSONS, first being duly sworn, deposes and says as follows:
“My name is Arnold Parsons and I reside at 3 Crossway Drive, Mobile, Alabama 36608. I am the President of Polyengineering and have done engineering work for both the City of Prichard and The Water Works and Sewer Board of the City of Prichard.
I am making this affidavit in the case of George Timmons, et al. v. Prichard Water & Sewer Board and The City of Prichard.
“On the 14th day of March, 1977, Po-lyengineering and the Community Development Department of the City of Prich-ard entered into an agreement for the design and engineering work for the con *898 struction of what is known as the Zieman Street Drainage Project. A copy of this contract is attached hereto and made a part hereof [omitted from this opinion]. This contract involved an EDA Grant No. 04-11-01633.
“On August 2, 1979, the City of Prich-ard entered into a contract with J. E. Harris Company, Inc., for the construction of the Zieman Street Drainage Project, under EDA Grant No. 04-11-01633. An abbreviated copy of this contract is attached hereto and made a part hereof [omitted from this opinion].
“This project was strictly a City of Prichard Project and The Water Works and Sewer Board of the City of Prichard was not involved in the engineering, design or construction of this drainage project which is the substance of the Plaintiffs’ lawsuit.
“To my knowledge, The Water Works and Sewer Board of the City of Prichard had no knowledge of the plans, supervision or construction of this project.”
The dispositive issue on this appeal is whether the Timmonses’ action seeking to perpetually enjoin and restrain the City of Prichard from maintaining, or permitting the maintenance of, the sewage system in such manner as to permit it to overflow onto their home and property, was timely filed.
It was not timely filed. Neither a claim nor the suit was filed within the six-month period prescribed by § 11-47-23, Code 1975, from completion of the project in 1980 and the time damage commenced during that same year. C.F. Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978).
Regarding the subject of this appeal in general, see Burge v. Jefferson County, 409 So.2d 800 (Ala.1982).
For the reasons stated, the judgment below is due to be, and it hereby is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and ADAMS, JJ., concur.