The primary issue presented by this appeal is whether Alabama's one-year statute of limitations or its six-year statute applies to an action in which the plaintiff's theory of recovery was the common-law right of a lower property owner not to be injured by the interference of an upper owner with the natural drainage of water onto the lower property.
Plaintiff/appellant Billy E. Fisher and defendant/appellee Space of Pensacola, Inc., are adjoining property owners on Airport Boulevard in the city of Mobile. During 1975 or 1976, Space built a parking lot on its property that allegedly channeled surface waters onto Fisher's property, causing flooding of Fisher's property and littering it with sediment and debris.[1]
Prior to trial against Space, Fisher voluntarily dismissed count two of his compalint, which alleged that Space hadtrespassed on his property, and elected to proceed to trial solely on the common-law right of a lower property owner not to be injured by an upper property owner's interference with the natural flow of surface water onto the lower property. Fisher is aware that a common-law "channeling" action is a separate cause of action and is not dependent on proof of trespass or negligence. Sargent v. Lambert Const. Co., 378 So.2d 1153
(Ala.Civ.App. 1979), cited with approval in Kennedy v. City ofMontgomery, 423 So.2d 187 (Ala. 1982).
Space filed a motion for a directed verdict, alleging that Fisher's action was barred by the one-year statute of limitations in Code 1975, § 6-2-39 (a)(5).[2] After a hearing, the trial court ruled that Fisher's action was time-barred and granted the directed verdict, in part, ruling that the most Fisher could recover would be nominal damages for injuries to the property during the year prior to the date of the filing of this action. The trial court determined that there was no just reason for delay and directed the entry of a final judgment pursuant to Rule 54 (b), Ala.R.Civ.P. Fisher appeals to this Court, alleging that the trial court erred in granting Space's motion for directed verdict.
 I
It is undisputed that Fisher's theory of recovery is not based on trespass.[3] The *Page 394 
Court of Civil Appeals explained the distinction between a common law action like this one and one involving allegations of negligence or trespass, in Sargent v. Lambert Const. Co.,supra:
 "Plaintiff in his complaint uses the word `negligent' in relation to the construction by defendant of drainage ditches. He also uses the word `trespass' in relation to the diverting and casting of water by defendant upon his property. However, we find it evident from the complaint as a whole, the testimony and the written brief and argument submitted by plaintiff to the trial court that the theory for recovery was the common-law right of a lower property owner not to be injured by the interference of an upper property owner with the natural drainage of water onto the lower property. That common-law right is not dependent upon the law of negligence or of trespass. It is a distinct and separate cause of action." 378 So.2d at 1155. (Emphasis added.)
Fisher contends that even though his action is not based on trespass, Code 1975, § 6-2-34 (2), nevertheless applies. That section states that "[a]ctions for any trespass to real or personal property" must be commenced within six years after the cause of action accrues. (Emphasis added.) Space contends that this section cannot apply because it specifically limits itself to actions brought in trespass, and that § 6-2-39 (a)(5) must apply. That section states that all "[a]ctions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section" must be commenced within one year of the accrual of the cause of action. We agree with Space.
As this Court noted in Bradley McWhirter, Inc. v. Conklan,278 Ala. 395, 398, 178 So.2d 551, 553 (1965):
 "It has long been recognized in this state that an action to recover damages for overflowing lands is barred within one year, being governed by the provisions now codified as the fifth subdivision of § 26, Title 7, Code 1940 [The predecessor of § 6-2-39 (a)(5)]. Round-tree v. Brantley, 34 Ala. 544 [(1859)]; Polly v. McCall, 37 Ala. 20
[(1860)]."
The facts of Conklan are very similar to those of the present case. The defendant there also built a drainage system which diverted rainwater from its natural drainage course, resulting in the flooding of neighboring lands. Fisher, however, attempts to distinguish Conklan from this case by noting that in Conklan
the question was not which statute of limitations applied, but when the cause of action accrued. Fisher contends that the plaintiff in Conklan limited himself to the one year statute of limitations by claiming damages for only those injuries which had occurred during the year prior to filing his action. Although Conklan may not address the specific issue in this case, we feel that Conklan recognized the longstanding practice of applying the one-year statute of limitations to all cases involving the diversion of flowing water from its natural course. See, Eagle Phoenix Manufacturing Co. v. Gibson,62 Ala. 369 (1878); Howell v. City of Dothan, 234 Ala. 158,174 So. 624 (1937); Duckett v. Brooks, 336 So.2d 1370 (Ala.Civ.App. 1976); City of Fairhope v. Raddcliffe, 48 Ala. App. 224,263 So.2d 682 (1972).
Fisher, however, contends that cases such as these are distinguishable from the present case because in past cases the one-year statute of limitations applied because the plaintiff's wrongful act was indirect, such as building a dam across a stream, rather than direct, as here. He cites Rushing v.Hooper-McDonald, Inc., 293 Ala. 56, *Page 395 300 So.2d 94 (1974); Cochran v. Hasty, 378 So.2d 1131
(Ala.Civ.App. 1979); and City of Fairhope v. Raddcliffe, supra, in support of his argument.
These cases do, in fact, hold that trespass actions can be maintained in a proper case, but we feel that the rule of those cases has no application to this case. Here, Fisher dismissed the trespass count from his complaint. Thus, we are not called upon to decide, as Fisher contends in his brief, whether Space's actions constituted a trespass, which would bring this action under the coverage of the six-year statute of limitations. We note that § 6-2-39 (a)(5) expressly applies to all actions "not specifically enumerated in this section." In view of this record, we hold that the catch-all provision of §6-2-39 (a)(5) applies to the common-law cause of action sued upon. We naturally express no opinion as to whether Fisher could have maintained his trespass action. This portion of the trial court's order is due to be affirmed.
 II
Fisher next contends that even if the one-year statute of limitations applies, the trial court erred in holding that Fisher could recover only nominal damages since there was no proof of substantial monetary damage during the year preceding this lawsuit. He asserts that even though his house was not flooded during the year preceding the filing of his complaint, there was evidence of continued erosion and testimony that fear of future flooding would discourage potential buyers. Thus, he contends that he has suffered substantial damages during the year in question. We disagree. There was evidence of a small amount of erosion during this period, but no evidence of the monetary loss due to this erosion. Also, no evidence was presented concerning the actual loss in resale price due to the erosion.[4] Where there is no proof of actual monetary loss, only an award of nominal damages is appropriate. Walker v. ClearyPetroleum Corp., 421 So.2d 85 (Ala. 1982).
 III
Finally, Fisher contends that the trial court erred by directing a verdict in Space's favor on his claim for punitive damages. We disagree.
In order for Fisher to recover punitive damages, he had to prove that Space acted wantonly, that is, with knowledge that Fisher's land would be flooded, or maliciously. Rushing v.Hooper McDonald, Inc., supra; Hickox v. Vester Morgan, Inc.,439 So.2d 95 (Ala. 1983). Fisher contends that Space's knowledge was shown by evidence that Fisher's property was below Space's and that Space directed the flow of water toward Fisher's property. In addition, Space paved three times the area that was approved by the City of Mobile to be paved, resulting, testimony showed, in three times as much water being directed onto Fisher's property.
This may have been enough evidence to reach the jury, had these acts occurred before the expiration of the statute of limitations; however, it is undisputed that there is no evidence of wantonness on the part of Space during the year prior to the filing of Fisher's complaint. Essentially, Fisher contends that his action for punitive damages continues to run for as long as his property continues to be injured. We disagree. His only damages are for a continuing tort against his land. Recovery in Alabama for a continuing tort is limited to each injury occurring during the statutory period. See,Alabama Power *Page 396 Co. v. Gielle, 373 So.2d 851 (Ala.Civ.App.), cert. den.,378 So.2d 1100 (Ala. 1979). The wantonness alleged did not occur during the statutory period. Therefore, Fisher cannot recover punitive damages.
The trial court's judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
[1] Fisher originally sued Steak-One, Inc., which had leased the property from Space, but in that action a jury returned a verdict in favor of Steak-One and against Fisher; Fisher then sued Space. In the first appeal of this action to this Court,Fisher v. Space of Pensacola, Inc., 461 So.2d 790 (Ala. 1984), we held that Fisher's suit against Space was not barred by the doctrines of res judicata and collateral estoppel and remanded it for trial.
[2] Section 6-2-39 was repealed effective January 9, 1985; see 1984 Ala. Acts, No. 85-39. Those actions governed by § 6-2-39
were transferred to § 6-2-38, the two-year statute. This statutory change has no application in this case.
[3] Fisher's theory of recovery is set out in his brief on appeal, as follows:
 "As represented in the former appeal of this action, Fisher's primary theory of recovery lies in the common-law right of a lower property owner not to be injured by the interference of an upper property owner with the natural drainage of water onto the lower property. The Alabama Court of Civil Appeals, in Sargent v. Lambert Construction Co., 378 So.2d 1153 (Ala.Civ.App. 1979), described this cause of action as follows:
 "`The proper test is `whether or not by reason of that construction the surface water was changed from its natural flow and caused to be deposited on the complainant's property to his damage.'
 "378 So.2d, at 1155. (For purposes of convenience, this theory of recovery will hereinafter be referred to as the `channeling theory'.) Fisher asserts that the channeling theory is so similar to trespass, both in the nature of the defendant's activity and of the impact to a plaintiff's property, that the six-year statute should be applied."
[4] The trial court held:
 "If you are entitled to anything, you are only entitled to nominal damages because no proof of actual monetary damage has been established within the one year period from filing the lawsuit."
Fisher's own attorney admitted the correctness of this ruling, stating:
 "I admit, Judge, it's a mighty weak case if we don't have the six-year statute of limitations. There's not much there if we're stuck with the one-year statute of limitations but I don't think we are."