ADAMS, Justice.
The defendant below, Liberty National Life Insurance Company, has filed a petition for writ of mandamus, seeking an order from this Court directing the Circuit Court of Coffee County, Elba Division, to transfer this cause to the Circuit Court of Pike County. Gwen Archie, plaintiff in the trial court, had filed suit against Liberty National Life Insurance Company and one of its agents, James Stinson. Stinson had solicited her business for hospital insurance with Liberty National. Archie claimed that she paid Stinson the money for the policy, but that shortly after this was done, Stin-son quit Liberty National and did not place the policy with the company. She goes on further to say that in reliance on Stinson’s representation that he would place the policy, she put her dependent son in the hospital for surgery. At the end of his hospitalization, Liberty National refused to pay his hospital bill, in the sum of $2,589.25. Liberty National claims that for such policies to be valid, Archie would have had to pass a physical examination. This fact, Archie said, was deliberately withheld from her and she says that in fact Stinson told her she did not have to take an examination.
In Archie’s complaint, her causes of action are denominated as fraud, negligent failure to procure insurance, and suppression. She has not made a claim for breach of either oral or written contract.
Liberty National does business in Pike County and has a registered agent there, but is also similarly situated in the Elba Division of Coffee County. Plaintiff’s business was solicited in Pike County, and plaintiff both resides and works there. The individual defendant, James Stinson, is also a resident of Pike County.
The issue in this case is what place is the proper venue for this cause of action — Pike County or the Elba Division of Coffee County? Section 6-3-2, Code of Alabama (1975), provides:
(a) In proceedings of a legal nature against individuals:

(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred.
Section 6-3-7, Code of Alabama (1975), provides:
*406 A foreign corporation may be sued in any county in which it does business by agent, and a domestic corporation may be sued in any county in which it does business by agent or was doing business by agent at the time the cause of action arose; provided, that all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence.
Plaintiff Archie argues that inasmuch as Liberty National is a domestic corporation, it can be sued in a case such as this in the Elba Division of Coffee County, where it also does business and has an agent, because all of plaintiffs claims in her complaint arise out of and revolve around the failure of Liberty National to recognize its contract for hospital insurance. Plaintiff says that the personal injuries contemplated under § 6-3-7, Code of Alabama (1975), are not personal injuries arising out of a failure to recognize the contract. However, plaintiffs argument in this regard is foreclosed by this court’s decision of over sixty years ago in Age-Herald, Publishing Co. v. Huddleston, 207 Ala. 40, 92 So. 193 (1921). This court, in that case, said:
It is clear that the word “injury” — in the Latin, injuria — in the phrase “where the injury occurred,” is used in its proper legal sense of wrong, importing, of course, a wrongful act or omission. “Damage,” the result of the wrongful act — technically called the damnum — is a correlative term of wholly distinct meaning and application. The significance of the terms — “injury” and “damage” — is sharply contrasted in the familiar legal phrases, damnum absque injuria, and in-juria sine damno. [Citations omitted.] The meaning we accord to “injury” in section 6112 [Code, 1907] is made clearer by a consideration of 6110, which is a general venue statute, and which authorizes the bringing of non-contractual personal actions either in the county of the defendant’s residence, “or in the county in which the act or omission complained of may have been done, or may have occurred.” Certainly, in enacting the later section (6112), the Legislature did not intend to change the basis of venue in tort actions from the county in which the wrongful act was done or occurred to the county, or any county, in which the resulting damage occurred, and to thereby effect so vital a change in actions only against corporate defendants, and for personal injuries only.
It results that, under section 6112, the venue in this action must be laid in the county where the wrongful act — that is, the act violative of plaintiff’s rights— was done. That act was, of course, the publishing of libelous matter in defendant’s newspaper, “published at Birmingham” — so the complaint alleges, in accordance with the form prescribed by the statute for this action.
207 Ala. at 44, 92 So. at 197.
Although Archie insists that her cause of action arises out of and revolves around contract, nevertheless, she has no claim of breach of contract in her complaint. We are left, in this case, with only claims which are strictly tortious in nature. See Sasser v. Dixon, 290 Ala. 17, 273 So.2d 182 (1973); City of Fairhope v. Raddcliffe, 48 Ala. App. 224, 263 So.2d 682 (1972).
We are mindful that mandamus is an extraordinary writ and while it will lie to compel the exercise of discretion by a circuit judge, it will not lie to compel the exercise of his discretion in a particular manner. State v. Cannon, 369 So.2d 32 (Ala.1979). But the facts in this case do not call for the exercise of discretion. The facts in this case fit within the perimeters of both § 6-3-2, Code of Alabama 1975, and § 6-3-7, Code of Alabama 1975. The injury occurred in Pike County, the plaintiff lives in Pike County, the individual defendant lives in Pike County, and the domestic corporation does business and has an agent in Pike County. Under these facts, the venue of this cause of action is Pike County.
WRIT GRANTED.
MADDOX, FAULKNER, ALMON and EMBRY, JJ., concur.